GLEASON and others *vs.* THAYER, executor, &c. and others.

In an action against an executor, for the recovery of a legacy which the defendant alleges has been paid by him, to a stranger, for the benefit of the legatees, the stranger need not be made a party defendant.

THIS action was brought against the defendant Stephen H. Thayer, as executor of Cynthia Havens deceased, to recover a legacy of $1000 given to the plaintiffs by the will of the deceased, which was dated November 17, 1846. The testatrix died June 7, 1851. The residuary legatees were also made defendants. The cause came on to be tried at the Suffolk circuit on the 9th day of October, 1856, before Mr. Justice STRONG. The plaintiffs gave in evidence the will of Cynthia Havens, deceased, which proved the bequest by the testatrix to the plaintiffs, as alleged in the complaint, and thereupon the plain-

tiffs rested. The defendants then gave in evidence a receipt in the words and figures following, to wit : " Received, May 3, 1850, from Mrs. Cynthia Havens, one thousand dollars, being in part of a legacy left me by said Mrs. Cynthia Havens in her will, for my three children, Maria W. Gleason, William H. Gleason, Gabriel H. Gleason.

(Signed)     Cynthia S. Havens."

The defendants then objected that Cynthia S. Havens who signed the said receipt, and who is the mother of the plaintiffs, should have been made a party to this action ; and insisted that the trial ought not to proceed until she should be brought in and made a party defendant. The plaintiffs insisted that she was not a necessary party to the action, and offered to prove that Mrs. Havens never in fact received the money mentioned in the receipt, or any part of it, and that no part of the legacy given to the plaintiffs had been satisfied or advanced.

The judge decided that Mrs. Havens was a necessary party to the action, and ordered the cause to stand over to the next circuit, and that in the mean time Mrs. Havens be made a party defendant in the action. To this ruling of the judge the plaintiffs excepted, and appealed to the general term.

*George Miller*, for the appellants.

*B. D. Silliman*, for the respondents.

*By the Court*, Birdseye, J. For aught that appears any where in this case, either in the answers of the defendants or the proof at the trial, Cynthia S. Havens, if she received the $1000, mentioned in the receipt of May 3, 1850, acted as an entire stranger to the plaintiffs. No authority from them to her to receive this money is pretended to exist. Upon an examination of the will it appears that the legacy was given directly to the plaintiffs, and not to Cynthia S. Havens for the plaintiffs. There is, therefore, no privity between the plaintiffs and Cynthia S. Havens. If she has become the recipient of these moneys for their benefit, they may, perhaps, bring an action

against her.   But are they compelled to do so?   She stands in the relation of a bailee of the property or money to which the plaintiffs are entitled; but such bailment has been made, not by the plaintiffs, either directly or indirectly, but by the person from whom the plaintiffs claim by privity of contract. Such a delivery is not a discharge of the obligation of the defendants to the plaintiffs, unless the money comes to their hands.   And that such was the fact is not pretended here. If the transaction set forth in the receipt was not a *satifaction* of the plaintiff's claim, it is difficult to see how it can be an ademption or revocation of the legacy; nor is that really contended for here.

Doubtless it is the right of the defendants that Cynthia S. Havens be decreed to pay the fund or fulfill the trust conferred on her by the receipt in question; but that right is one arising out of a contract between her and the testatrix. The plaintiffs are not parties to that contract.   The fact that the defendants have, by agreements *inter sese* or with strangers, and without the privity of the plaintiffs, contracted obligations toward each other, or imposed duties upon the strangers, with respect to the subject of the action, cannot compel the plaintiffs to introduce those strangers into the action, or to be at the trouble, expense or delay of settling the rights and obligations of the defendants as between themselves, or between them and the strangers.

Nor is Cynthia S. Havens properly liable to the plaintiffs in the first place, and the estate of the testatrix only secondarily liable.   The testatrix made the contract with Cynthia S. Havens; she retained the evidence of it in her own hands.   The utmost that the plaintiffs are entitled to do, is to affirm the transaction, if they so elect; but they are not compelled to make that election and resort to the stranger.   He may be insolvent, or beyond the jurisdiction of the court ; or, in this case, an improper, unsafe custodian of funds held on such a trust and for such a length of time ; and free, too, from any liability to account before the surrogate, or to removal for unfitness or incompetency.   The same considerations dispose of

the objection that the defendants are entitled to be subrogated to the rights of the plaintiffs against Cynthia S. Havens, and that she should therefore be made a party defendant. The executor holds the contract of Mrs. Havens, and on that has a direct remedy against her.   Why then give him a new remedy by subrogation ?   Can a cumulative remedy be given in that manner ?   And if it can, will it be a ground for holding a stranger to be a necessary party to the suit, that the defendants may desire to obtain such a remedy against him ?

Nor do I think that the defendants are sustained by the construction they seek to give to the 122d section of the code. The " controversy" here is between the plaintiffs and the present representatives of the estate of the testatrix; not between the plaintiffs and strangers to whom, without their assent, their property is committed by the defendants, or those under whom the defendants claim.   The whole " controversy" will be terminated by the judgment in this action.   If the defendants have any rights against Mrs. Havens, growing out of the receipt in question, they can maintain their action against her directly upon it.   As that transaction is one to which the plaintiffs are strangers, they should be allowed, if they desire, to continue strangers to it and to the "controversy" growing out of it.

I think, too, that the offer to prove that Mrs. Havens never in fact received the money mentioned in the receipt, or any part of it, should not have been overruled.   If she is made a defendant, and the fact shall be established, according to the offer, in what situation will the parties stand ?   She will have been wrongfully subjected to the expense and trouble of the suit.   Who shall indemnify her therefor ?   Shall the plaintiffs ? They left her out of the suit till compelled by the court to bring her in.   They will upon that state of facts be entitled to recover both the legacy and their costs from the present defendants.   Shall the present defendants pay her costs ?   They will have been the cause of her incurring them.   But where is the authority for compelling one defendant to pay the costs of another defendant ?

But, looking from the incidents to the merits, the receipt put

in evidence only made out a prima facie case against Mrs. Havens. The receipt was open to explanation, and will be so at the next trial. It was not the act of the plaintiffs, which can estop them; but of a stranger, which they may contradict. Why not have allowed this prima facie case to be contradicted at the late trial? Why subject the plaintiffs to this delay of more than half a year, which their proof at the next trial may show to have been quite unnecessary? Certainly if it shall then be proved that none of the money in question was ever received by Mrs. Havens, it will be difficult to say that a complete determination of the controversy could not have been had at the former trial, and without the presence of Mrs. Havens as a defendant; and that the court were compelled to cause her to be brought in.

Had this action been tried under our former chancery system the defendants could have set up the want of Mrs. Havens as a party, by plea or by answer. If by plea, the plaintiffs could have taken issue upon it; and the question whether she had in fact received the money would have been tried and determined before the sufficiency of the plea would have been decided. If by answer, then the parties might have gone on and taken all their proofs in the case, including the proofs whether she had received the money; and the court would not have had the opportunity, if it had the power, to adjudicate upon the matter, till the proofs were closed, and all the evidence before it. (1 *Barb. Ch. Pr.* 119, 321. *Van Epps* v. *Van Deusen*, 4 *Paige*, 75.)

The order made at the circuit should be reversed, with $10 costs.

[KINGS GENERAL TERM, January 23, 1857. *Brown, S. B. Strong* and *Birdseye*, Justices.]