Strong *v.* Strickland.

---

## STRONG *vs.* STRICKLAND and THE WATERTOWN BANK AND LOAN COMPANY.

Although a mortgagor has parted with the fee of the mortgaged premises, by an assignment of his property in trust for the benefit of creditors, yet he may maintain an action to cancel and set aside the mortgage, on the ground of usury.

An action of that nature cannot be brought by the assignees of the mortgagor.

Where a mortgagor makes a general assignment of his property to trustees, in trust for the benefit of creditors, and conveys the mortgaged premises to the assignees upon the same trusts declared in the assignment, and as a part of the assigned property; the mortgage debt being placed among the preferred debts provided for and directed to be paid; this will not estop the mortgagor from bringing an action to cancel and set aside the mortgage on the ground of usury.

Strong *v.* Strickland.

THE plaintiff brought his action to cancel and set aside a mortgage given by him to Strickland, and by the latter assigned to the Watertown Bank and Loan Company, for usury. The case was tried at the Jefferson circuit, before Justice BACON, and judgment given for the plaintiff, declaring the mortgage and the bond accompanying the same usurious and void, and enjoining and restraining the foreclosure of the mortgage. Upon the trial the usury was not controverted. The bond and mortgage were given in April, 1850, and in August, 1852, the plaintiff, the mortgagor, made a general assignment for the benefit of creditors, to the mortgagee Strickland and one Alden Adams, and conveyed the mortgaged premises to the assignees upon the same trusts declared in the assignment, and as a part of the assigned property. The mortgage debt was placed among the preferred debts provided for by the assignment and directed to be paid. All the preferred debts except this and another mortgage have been paid by the assignees, and all the debts of the second class have been compromised and paid, and some of the debts of the third and remaining class have been paid. All the assigned property is exhausted, with the exception of the mortgaged premises, which are worth about $2500, and the debts of the mortgagor, other than this mortgage debt, still unpaid, amount to about $2000. In June, 1857, for a valuable consideration the mortgagee assigned the mortgage to the Watertown Bank and Loan Company, who had no notice of the usury, but had knowledge of the assignment and the provision made for its payment, and had commenced a statutory foreclosure of the mortgage when this action was brought.

The defendants appealed from the judgment at circuit.

*J. F. Starbuck,* for the appellants.

*John Clarke,* for the respondent.

*By the Court,* ALLEN J. The plaintiff properly brought this action. Although he has parted with the fee of the mortgaged premises, it is only in trust for the payment of his debts in a prescribed order and by the agency of the trustees. He is interested in having the assigned property appropriated for the purposes to which he has devoted it—the payment of debts for which he is personally liable. To this extent he is interested in the mortgaged premises as a part of the assigned property, and it is a pecuniary interest which the courts will protect. And from his right to any surplus that may remain after the payment of debts, it is not a matter of indifference whether the property is sold under the trust or at a final sale at auction, upon the foreclosure of the mortgage. He is entitled to have the premises sold to the best advantage under the trust, that it may go the farthest in the discharge of his debts ; unless the defendants have the legal right to withdraw the property from the trust by selling the same upon the mortgage. And this right depends upon the validity of the mortgage, and the plaintiff alone can object to the foreclosure of the mortgage and the sale of the premises. He alone can set up usury, as against the mortgagee. Such a defense can only be set up by a party to the usurious contract, or one who represents him as a privy in blood or estate. (*Green* v. *Morse,* 4 *Barb.* 332.)

The assignees, who had taken merely the equity of redemption, could not have sustained this action. (*Pratt v. Adams,* 7 *Paige,* 615. *Post* v. *Dart,* 8 *id.* 639. 7 *Hill,* 391. *Shufelt* v. *Shufelt,* 9 *Paige,* 137.) It would have been a sufficient answer that they had taken a conveyance of the premises subject to the mortgage and as a fund for the payment of the mortgage debt. An action by them to set aside the security would have been inconsistent with the trust while they had assumed to pay the debt secured by it. The plaintiff, therefore, as the original borrower, and a party to the mortgage and personally bound for the payment of the debt, and with a subsisting interest in the mortgaged premises to protect

Strong *v.* Strickland.

and preserve, was the only person who could maintain an action to rescind the security, for usury. Adams, the co-assignee with Strickland, was not a necessary party to the action. The trust created by the assignment, the title of the assignees nor their duties, can be affected by the judgment, and they as assignees have no interest in the result. The trust remains to be executed as if this action had never been brought. The rights or duties of the assignees are not to be, and cannot be, settled in this action. (*McMahon* v. *Allen,* 12 *How.* 39. *Gleason* v. *Thayer,* 24 *Barb.* 82. *Van Nest* v. *Latson,* 19 *id.* 604.) The only question upon the merits is as to the effect of the assignment by the plaintiff, and the provision therein made for the payment of the mortgage debt, upon the mortgage itself as a security; whether it made that valid which was before invalid. It is claimed by the defendants that such recognition of the debt by the plaintiff precluded him from objecting that the mortgage was not valid. But this does not follow from any of the cases cited, nor is it supported by any principle. A party may pay a usurious debt, or transfer property in payment of such debt, and the payment and transfer will be irrevocable. So he may pay in part, or dedicate specific property to the payment of a usurious debt, but such partial payment or specific dedication will not remove the taint of usury from the original contract. The contract will have been executed to the extent of the payment or specific provision, but the contract, so far as it remains executory, and all securities are still within the condemnation of the statute against usury. (*Pratt* v. *Adams,* 7 *Paige,* 615.) *Murray* v. *Judson,* (5 *Seld.* 72,) and *Green* v. *Morse,* (4 *Barb.* 332,) relate to the duties of an assignee charged with a trust for the payment of a usurious debt, and decide merely that he cannot thwart the intent of the assignor and object to the payment of a debt particularly mentioned and directed to be paid, on the ground of usury. They proceed upon the principle that the defense of usury is personal, and only available to the borrower or

one in privity with him. It necessarily follows from this doctrine that the defense may be waived by him who alone can set it up, and that a stranger cannot overrule his election to waive it. Judge Gardiner, in *Murray* v. *Judson*, which was an action by creditors of the assignor seeking the payment of their debts in preference to a usurious debt preferred in the assignment, says, "When the assignment was executed, the debtor had the right, as against the complainant, in good faith to dispose of his property as he pleased. He could have paid the usurious judgment. This is conceded; and if so, no good reason can be assigned why he could not appropriate property for that purpose, and direct its application by a trustee. The assignment was not a contract with the holder of the judgment, or a mere security for that debt, but the setting apart of property for the payment of a specific demand in the mode designated." The learned judge here briefly enumerates the doctrine of the cases cited and the principles upon which they stand. The last remark quoted decides this case. The assignment relied upon here was not a contract with the holder of the mortgage, and was no way affected by the validity of that instrument as a security. The assignment was valid, and might be made the means of paying the mortgage debt, but only by the proper execution of the trust, and not by purging the mortgage of the statutory taint of usury. If the mortgage can be paid under the assignment, and by means of the property appropriated to that purpose, it is well; but if not, the parties are in the same situation as if no assignment had ever been made. Suppose the assignor's debt was represented by the note of the assignor, it would not be claimed that because he chose, in creating a trust for the payment of his debts, to direct its payment with his other liabilities, he would be estopped, in an action against him upon the note, from alleging the usury. Here the mortgagor has directed the mortgage debt to be paid *pro rata*, or in a class with other debts, and it is strenuously urged that this gives the mortgagee the right to be paid in prefer-

ence, and by a sale of the mortgaged premises to this extent, to the exclusion of the other creditors of the same class. This will not answer. If he claims the benefit of the assignment he must take under it and in accordance with its provisions, and not in hostility to it. There is no estoppel in the case. The assignee of the mortgage, relying as is claimed, and doubtless truly claimed, upon the provision in the assignment, still has all the benefit of the provisions made for the payment of the debt. There was no representation, express or implied, that the mortgage was or was not usurious. It is not more a representation that the mortgage was valid than a partial payment would have been. The trust is probably irrevocable, and the holder of the mortgage is entitled to the amount actually and equitably due thereon from the trust fund, which is precisely the declaration of the trust deed. An estoppel in pais exists when a party, either by his statements or his conduct, has induced a third person to act in a particular manner; and it must appear, 1. That he has made an admission, or done some act clearly inconsistent with the evidence he proposes to give; 2. That the other party has acted upon the admission; and 3. That the latter will be injured by allowing the truth of the admission to be disproved. (*Dezell* v. *Odell*, 3 *Hill*, 215. *Welland Canal Co.* v. *Hathaway*, 8 *Wend.* 480.) But an admission made to A. in reference to one matter, and not to B. nor with any intention to influence his conduct, is no estoppel as respects B. (*Reynolds* v. *Lounsbury*, 6 *Hill*, 534; *and see Pennell* v. *Hinman*, 7 *Barb.* 644; *Jackson* v. *Brinckerhoff*, 3 *John. Cas.* 101.)

A direction to Adams and Strickland to appropriate certain property to the payment of the mortgage debt, with other debts, does not estop the mortgagor from alleging usury, when the bond is sought to be enforced against him personally, or the mortgage against the property. There was no error in the judgment at circuit. But as the judgment declares the mortgage void as a lien and charge upon the premises, to avoid all question for the future it may be modified by pro-

viding in terms that the judgment shall not affect the claims of the mortgagee, or assignee of the mortgagee under the assignment, and as thus modified the judgment will be affirmed with costs.

[Onondaga General Term, July 8, 1860. *Allen, Mason* and *Morgan,* Justices.]