Harold Rodner, Plaintiff, *v.* Lewis Silverman and Others, Defendants.*

City Court of New York, Special Term, New York County, April 27, 1936.

* Affd., App. Term, 1st Dept. without opinion, N. Y. L. J. June 4, 1937, p. 2812.

*David Scher*, for the plaintiff.

*Lewis Singer*, for the defendants.

SCHIMMEL, J. Plaintiff has brought this action against the makers of a promissory note. The defense is usury.

The defendants were heretofore petitioned into bankruptcy; in the bankruptcy proceeding they scheduled their indebtedness to plaintiff on the note in suit, and the plaintiff filed a claim upon the note, which was allowed by the referee in bankruptcy without objection by the trustee or by the bankrupts, these defendants. A dividend of·four per cent was declared, and paid to all creditors, including this plaintiff. The defendants, for some undisclosed reason, were denied a discharge in bankruptcy, and plaintiff now seeks to recover the balance due upon the note.

Plaintiff contends that the defense of usury may not now be maintained for the reason that the defendants, by scheduling their indebtedness on the note, and by permitting the allowance in the bankruptcy court of the claim. there filed by plaintiff, precluded themselves from thereafter asserting the defense of usury in a suit at law upon the note. Plaintiff maintains that the listing of the claim in the bankruptcy schedules is an " estoppel by record " against the defendants, and that the allowance thereof is *res judicata* with respect to the liability of the defendants on the note, and a bar to the defense of usury.

This contention seems to be unsupported by authority. No cases have been found either way.

The defense of usury is personal to the defendants. Why could they not, if they saw fit, permit their estate in bankruptcy to be equitably distributed among all their creditors, including the holder of a usurious obligation? Were these defendants obliged to contest a claim against their estate in bankruptcy by the holder of a usurious note in order to avert the peril of becoming personally liable to the holder of the note for the full amount thereof in the event a discharge in bankruptcy was thereafter denied them? Seemingly not. The scheduling by these defendants in the bankruptcy proceeding of their indebtedness upon this note, and the allowance, without contest, of the claim there filed by plaintiff upon

the note, do not constitute an admission, for all purposes, of liability upon the note. The scheduling of the claim may be evidence at the trial that the present defense of usury is without factual basis to be accorded such weight as the trier of the facts seems proper. But in no sense does it constitute a binding election never thereafter to assert the defense of usury in any action that might be brought. As a personal defense, the alleged usury was not waived. Nor was there, in the bankruptcy proceeding, any adjudication which could affect this action *in personam*. The doctrine of " estoppel by record " is not applicable to the situation.

Clearly, there is no ground for invoking an equitable estoppel against these defendants. Plaintiff did not suffer any detriment by the act of defendants in scheduling the note and allowing a dividend to be paid thereon. Indeed, plaintiff benefited, for he obtained a part payment which he might not have received if the bankrupts had filed objections to his claim.

Of interest in connection with the views here expressed is the well reasoned opinion written in *Strong* v. *Strickland* (32 Barb. 284).

Plaintiff's motion for summary judgment is denied.