CASE 23.—ACTION BY JARVIS JACKSON AND OTHERS AGAINST R. L. EWELL AND OTHERS TO ENJOIN THE COLLECTION OF AN EXECUTION.—June 3.

# Ewell, &c., v. Jackson, &c.

Appeal from Laurel Circuit Court.

D. K. RAWLINGS, Special Judge.

Judgment for plaintiffs. Defendants appeal.—Affirmed.

1. Judgment—Entry on Order Book and Signing—Necessity For. —Under Civ. Code Prac. section 390, providing that a judgment must be entered on the order book, and Ky. St. 1903, section 378, providing that the proceedings of each day shall be drawn up by the clerk from his minutes and signed by the presiding judge, it is indispensable to the validity of a judgment that it shall be entered on the order book and signed.

2. Judges—Special Judges—Powers of Successor or Regular Judge as to Proceedings Before Special Judge.—Ky. St. 1903, section 977, providing that on the death of a circuit judge, or when from any cause the office is vacant or the judge absent, his successor may sign any orders left unsigned, applies to special as well as regular judges; and, where a special judge because of death or absence or retirement from the case shall fail to sign orders therein, they may be signed by the special

judge who succeeds him, or by the regular judge, unless disqualified from presiding.

3.  Judgment—Signing—Judgment Entered by Special Judge.—It is not indispensable to the validity of a judgment entered by a special judge, but not signed by him, that it be signed at its close by his successor in office or by the regular judge, where the orders of the day, among which it is entered, are signed by the regular judge, or the person acting in his place as judge.

4.  Judges—Disqualification.—Where the regular judge is disqualified to preside in the trial of a cause, he cannot sign the judgment or orders made by the special judge.

5.  Execution—Issuance of Unsigned Judgment.—An unsigned judgment is no judgment, and an execution cannot issue thereon.

6.  Same—Relief Against—Injunction.—Execution defendants may enjoin the sheriff from seizing and selling their property under an execution where there is no judgment on which it can issue.

EWELL & SMITH for appellants.

H. C. HAZELWOOD and E. H. JOHNSON fo appellees.

(No briefs. Record out of office.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was brought to enjoin the collection of an execution issued upon what purported to be a judgment of the Laurel circuit court in the case of Ewell & Smith v. J. C. Jackson's Heirs, upon two grounds: First, that the judgment was never signed on the order book by the judge who delivered it; and, second, that the judgment disposed of a material question not presented by the pleadings in the action. H. C. Faulkner, the regular judge of the Laurel circuit court, could not sit in the case in which the judgment was rendered, and D. K. Rawlings was selected

as special judge by agreement of parties. Judge
Rawlings, after hearing the case, took it under advise-
ment, and in due time returned or had delivered to
the clerk a written judgment signed by him. The clerk
recorded the judgment, omitting the name of the
judge; and the recorded judgment was never signed
by Rawlings. The judgment rendered by Rawlings
was entered upon the order book of the Laurel circuit
court on a day of the regular term of the court, and
was recorded with the orders and judgments made
and entered by the regular judge in cases pending
before him. The orders of the day made by the regu-
lar judge, and which included the judgment rendered
by Rawlings, were signed at the end of the day's busi-
ness by the regular judge in the usual and customary
manner.

Upon this condition of the record, three questions
are presented: First, is it necessary to the validity of
a judgment rendered by a special judge that it should
be signed by him on the order book? Second, if he
fails to sign the judgment on the order book, can
the judgment be signed by the regular judge with the
same effect as if it had been signed by the special
judge; and, third, if the regular judge could not sit
in the case, and for that reason a special judge was
selected, can the regular judge sign the judgment or
orders made by the special judge? Section 390, Civil
Code Prac., provides: "The judgment must be
entered on the order book and specify clearly the
relief granted or other determination of the action."
Section 378 of the Kentucky Statutes of 1903, relating
to the duties of clerks of courts, provides that: "The
proceedings of each day shall be drawn up by the
clerk from his minutes in a plain legible manner,
which after being corrected as ordered by the court

and read in an audible voice, shall be signed by the
presiding judge.'' It will thus be seen that under the
Code and statute it is indispensable to the validity of
a judgment that it shall be entered upon the order
book of the court, and signed by the judge who ren-
dered the judgment or his successor in the disposal
of the case, or by the regular judge, unless he is dis-
qualified. These two acts must concur. In the absence
of either, there is no judgment. A paper signed by
a judge, although it contain the entire judgment, and
be delivered to the clerk of the court to enter upon the
order book, is not a judgment in fact until it has been
entered upon the order book of the court and signed
by a judge. Courts of record speak only by their
records duly entered and signed in the books provided
for that purpose. The judgment in an action or pro-
ceeding is usually the final termination of the matter
in the court in which the case is pending. By it the
most valuable rights of the citizens are determined,
and it is of the highest importance that it should be
preserved in permanent form and be in fact signed by
the very person whose authority directed its entry,
unless he fails within the meaning of section 977 of
the Kentucky Statutes of 1903 to sign it. This statute
provides that: ''Upon the death of a circuit judge, or
when from any cause the office is vacant, or when the
judge is absent, his successor, no matter how chosen,
may sign any orders left unsigned by his predecessor,
the same as his predecessor might have done.''

It sometimes happens that after a judge has di-
rected the entry of an order or judgment he is pre-
vented by absence or death or other cause creating
a vacancy in the office from signing the orders or
judgments so entered. And when such a condition
arises the orders made and entered by his direction

may be signed by his successor. This section applies to special as well as regular judges. If a special judge, on account of death or absence from the court or retirement from the case, should fail to sign the orders in the case in which he presided, they may be signed by the special judge who succeeds him in the case, or by the regular judge of the court, unless he was disqualified from presiding in the case. And so, if the regular judge is prevented by death or absence from the court, or by a vacancy in the office, from signing the orders or judgments made and directed to be entered by him, his successor may sign them. Nor do we think it indispensable to the validity of an order or judgment entered by a special judge that it should be signed at its close by his successor in office, or by the regular judge, if the orders of the day among which it is entered are signed by the regular judge, or the person acting in his place as judge. The signing of the orders of the day by the regular judge or judge acting for him will have the same force and effect as if he signed the particular order or judgment entered by the special judge, provided he was qualified to sit in the case in which the order or judgment was entered by the special judge. But, if the regular judge could not preside in the case, it would seem to follow that he should not sign the orders or judgments made in it. If the orders of the day which included this judgment had been signed by a judge other than the regular judge, or by a judge who might have presided in the case in which Rawlings was chosen to preside, or, if the particular judgment entered by Rawlings had been signed by a regular judge who was qualified to sit in the case, or by a judge who was selected in the place of Rawlings to preside as special judge, the presumption would be indulged that Rawlings was

absent, and hence the signature by such judge to the orders of the day or to the judgment rendered by Rawlings would give life and effect to his judgment.

Let us illustrate this point by the facts of this particular case: The regular judge could not sit in the case in which Judge Rawlings was selected as special judge. The record does not disclose the reason why the regular judge could not sit, but the presumption is that he was disqualified for some good cause. But whatever the reason, as he could not sit in the case, neither could he by signing any orders or judgments rendered by the special judge give life or vitality to them. The same reason that prevented him from hearing and disposing of the case would necessarily preclude him from signing the orders and judgments entered in the case. It would be a most anomalous state of affairs to hold that, although the regular judge could not preside in the case, nor hear or determine any of the matters at issue between the parties, yet he might give validity and effect by his signature to the final judgments therein. The effect of this practice, if permissible, would be that, although a judge could not make an order of continuance in a case, or enter an interlocutory order, or pass on some immaterial question, yet he could by signing the judgement determine finally the rights of the parties. We, therefore, conclude that, as the regular judge could not sit in this case, the fact that he signed the orders of the day embracing the judgment, his act was not a signing of the judgment entered by the special judge, and therefore the record stands as if the judgment was left unsigned. An unsigned judgment is no judgment; hence an execution could not issue upon it. Com. v. Chambers, 1 J. J. Marsh, 108; Raymond v. Smith, 1 Metc. 65, 71 Am. Dec. 458;

Fristoe v. Gillen, 80 S. W. 823, 26 Ky. Law Rep. 150; Johnson v. Com., 80 Ky. 377, 4 Ky. Law Rep. 210. As there was no judgment upon which an execution could issue, the execution defendants had the right to enjoin the sheriff from seizing and selling their property under the execution. Knott v. Jarboe, 1 Metc. 504; Robinson v. Carlton, 96 S. W. 549, 29 Ky. Law Rep. 876; Bramblet v. McVey, 91 Ky. 151, 15 S. W. 49, 11 Ky. Law Rep., 49.

This conclusion renders it unnecessary to consider the question that the judgment disposed of matters not presented by the pleadings.

Wherefore the judgment is affirmed.