## Bradley v. Bradley's Administrator, et al.

(Decided December 7, 1917.)

### Appeal from Hickman Circuit Court.

1. Judgment—Entry.—It is necessary to the validity of a judgment of a court, that, it be entered in a book, provided for that purpose, and after being so entered, signed by the presiding judge of the court.

2. Insurance Policy Upon Life of Husband Procured by Wife—Divorce.—A policy of insurance upon the life of a husband, which is procured by, the premiums paid by, the policy issued to the wife, and payable to her, in the event of the death of the husband, as provided by section 654, Kentucky Statutes, is not the property of the husband, and the title, of the wife to its proceeds, is not affected by a divorce from the husband, nor by the provisions of section 2133, Kentucky Statutes, where the only contest is between the wife or her representatives and the representatives of the husband.

3. Insurance—Beneficiaries—Divorce.—A policy of insurance upon the life of a husband, obtained by him and of which his wife is made the beneficiary, is usually property obtained by the wife, from or through the husband by reason of the marriage and in consideration thereof, and in the event of a divorce from the bonds of matrimony, the wife will lose her right to the proceeds of the policy.

4. Insurance—Beneficiaries.—Where a husband obtains a policy of insurance upon his life, and of which the wife is made the beneficiary, and by the terms of the policy, the husband is empowered to change the beneficiary, but never does so; in the event of his death, the right to the proceeds of such policy is the property of the wife, and is not forfeited under the provisions of section 2133, Kentucky Statutes, as by the provisions of that statute, the property of the offending wife or husband is not forfeited to the other, because of adulterous conduct, although the property was obtained by or through the other, by reason of the marital relation.

5. Insurance—Beneficiaries—Statutes.—Under the provisions of section 2133, Kentucky Statutes, the offending party does not forfeit

his or her own property, but only the rights, which he or she may have in the property of the other.

M. T. SHELBOURNE for appellant.

R. B. FLATT and BENNETT, ROBBINS & ROBBINS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming in part and reversing in part.

Zadie Bradley, deceased, and the appellant, Cora Bradley, were husband and wife, and while they separated and did not live together, from about January, 1914, until the death of Zadie Bradley, in April, 1916, they were never divorced. In January, 1914, a policy of life insurance was issued upon the life of Zadie Bradley by the Metropolitan Life Insurance Company, and of which the appellant, Cora Bradley, was made the beneficiary. At this time they were residing at Cairo, Illinois, but not living in peace and harmony, Cora returned to Clinton, Kentucky, where she thereafter lived. In the latter part of January, 1914, she instituted a suit against Zadie Bradley for a divorce from the bonds of matrimony, upon the alleged ground of his continued cruel and inhuman treatment of her. The case progressed to a submission in the following June, and a judgment was prepared by the judge of the court, but was never entered upon the records of the court nor signed by the judge, and for some reason or other, about this time, Cora abandoned her purpose to secure a divorce and the proceedings ended. After the death of Zadie, his administrator instituted this suit against Cora and the Metropolitan Life Insurance Company, and in his petition alleged, that Zadie had died, free of ownership of any property of any kind, except a policy, which was carried upon his life by the insurance company, and furthermore, alleged that the administrator had rendered services for him in his last illness, in the way of waiting upon and attending to him, which equitably entitled the administrator, personally, to receive the proceeds of the policy after the payment of a debt of forty-odd dollars to the undertaker, who buried him and a debt of _____ dollars for medical services, and further that the administrator was the only heir of Zadie Bradley, but that Cora Bradley, his widow, was asserting ownership to the proceeds of the policy, and that she had forfeited any right to the proceeds of the policy, or to any other property of the decedent, on account of having voluntarily

abandoned him two years before his death and thereafter had lived in adultery with another man, and had, also, been divorced from the bonds of matrimony with Zadie. These averments were all stoutly denied by Cora, by her answer, and she further averred, that the insurance policy, upon the life of Zadie was applied for and procured by her upon his life, and that she was named the beneficiary in the policy, and had paid all the premiums upon it from the time it was issued until Zadie's death, the premium being fifteen cents for each week. She further alleged, that they lived together as man and wife until his death. The affirmative averments of her answer were taken as controverted of record.

A considerable volume of evidence was taken and filed, which, without entering into it with any degree of particularity, it may be said, that it substantially proves, that Zadie and Cora separated in January, 1914, and never thereafter lived together; that the separation was probably brought about by the ill-treatment given Cora by Zadie, and in addition she was possibly influenced by the admiration which she had for one Ed Thomas. It is satisfactorily proven, that Cora was guilty of one or more acts of adultery with Ed Thomas, after the separation, and probably before that time; but after the separation, Zadie resided at Mayfield and Fulton and other nearby places, and from time to time, would slip into Clinton, at night, when he and Cora would cohabit as man and wife, and that such a course of proceeding continued until Zadie's death. None of these things, however, are facts, which determine the questions in issue in this action.

The administrator did not make or present any demand, which could be regarded as valid, as against the estate of a decedent. Upon submission of the case the court adjudged that Cora, on account of her adulterous conduct, had forfeited any right to any interest in the estate of her deceased husband, and that she was entitled to no part of the proceeds of the policy. During the pendency of the action, the insurance company paid the amount of the policy into court and was discharged from any further obligation. The court adjudged that the undertaker be paid the claim to which he was entitled, and, also, that a physician's bill should be paid, and that the remainder of it be paid to the administrator. After the separation of Zadie and Cora, the wife of Ed Thomas instituted an action against Cora for damages for alienating the affections of her husband, and recovered a judgment against her for the sum of five hundred dollars.

After the death of Zadie, Ed Thomas's wife instituted. an action, for the satisfaction of her judgment, and obtained an attachment against the insurance company upon the proceeds of the policy. This action, before judgment, was consolidated with the action of Zadie Bradley's Administrator against Cora Bradley, etc., and the court, by its judgment, adjudged that the Thomas woman was not entitled to have the proceeds of the policy applied upon her judgment, and dismissed her claim to it, and from this judgment there has been no appeal.

Cora Bradley filed a copy of the judgment and record. and entered her motion for an appeal from the judgment, which denied her the proceeds of the insurance policy.

The adminstrator, by counsel, insists that the life insurance policy was the property of Zadie Bradley, and that in the action instituted by Cora against Zadie for a divorce from the bonds of matrimony, that a judgment of divorce was granted, and for that reason, that having been made the beneficiary of the policy through and by reason of the marital relation, which existed between her and Zadie, and that under the terms of the policy, the insured having a right to change the beneficiary of it, that Cora thereby lost any interest, which she had in it, and, further, that by reason of her leaving her husband and living in adultery with Ed Thomas, that she had forfeited any claim to any interest in the proceeds of the policy.

(a) As before stated, Cora and Zadie were never divorced from the bonds of matrimony and were husband and wife at his death. The judgment, which was. prepared by the judge of the court in the action, which Cora instituted and afterward abandoned, never having been entered as a judgment upon the records of the. court and signed by the judge, never had any effect as. a judgment. It has been frequently held, that it is indispensible to the validity of a judgment that it shall be entered upon a book provided for that purpose, and after having been so entered, signed by the presiding judge, otherwise it is a nullity. Robertson v. Donaldson, 138. Ky. 152; Ewell v. Jackson, 129 Ky. 214; Farris v. Matthews, 149 Ky. 457; Com. v. Chambers, 1 J. J. M. 108;. Anderson's Committee v. Anderson's Administrator, 161 Ky. 18. Hence, that line of cases, which hold, that if,. while the marital relation exists between a husband and wife, the husband causes his life to be insured for the benefit of the wife, with a clause in the policy, which authorizes him to change the beneficiary, and thereafter

they are divorced from the bonds of matrimony, that the wife thereby loses all interest in the proceeds of the policy, are not applicable to the facts in this case. The holding, in such cases, is based upon the provisions of section 2121, Kentucky Statutes, which provides, that upon final judgment of divorce from the bonds of matrimony, the parties shall be restored such property not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage, in consideration thereof, and upon the provisions of section 425, of the Civil Code, which are similar to the provisions of the statute, *supra,* and which, also, provides, that any property obtained by husband or wife "from or through the other during marriage, in consideration or by reason thereof, without valuable consideration, shall be deemed to have been obtained by reason thereof." The ownership of the policy of insurance and the proceeds thereof, which the wife obtains upon the life of a husband and of which she is made the beneficiary, is governed by the provisions of section 654, Kentucky Statutes, which, among other things, provides:

"And a married woman may, without consent of her husband, contract, pay for, take out and hold a policy of insurance upon the life or health of her husband or children, or against loss by his or their disablement by accident, and the premiums paid on such policy shall be held to have been her separate estate, and such policy shall likewise inure to her separate use and benefit, and that of her children, free from any claim of her husband or others."

In such a policy, as the above, or its proceeds, the husband has no property or interest during the life of the wife, and there would be no ground for bestowing it upon him in the event of a divorce. It was not obtained "by or through" him. Such a policy is the one in controversy, according to the testimony of Cora, and her statement upon that subject is not contradicted, but is strongly corroborated in that she paid all the premiums upon the policy, and the entire absence of evidence, that anyone else procured the policy to be issued or ever paid a premium upon it. Her evidence upon that subject is not incompetent, because she is the widow of the decedent. Though testifying for herself, it does not relate to any transaction with or statement of or act done or omitted to be done by any one, who is now dead, nor does it relate to

any communication between husband and wife during marriage. Section 606, subsections 1 and 2, Civil Code.

A policy, such as is provided for by section 654, *supra,* above quoted, is not affected by the provisions of section 2133, Kentucky Statutes, which provides:

"If the wife voluntarily leave her husband and live in adultery, or if the husband voluntarily leave his wife and live in adultery, the party so offending shall forfeit all right and interest in and to the property and estate of the other, unless they afterward become reconciled and live together as husband and wife."

It will be observed, that the forfeiture, provided for in this statute, is a forfeiture by the offending party of any right or interest in the property of the other. In case of an offending wife, it does not provide, that she shall thereby forfeit her property, but only that she will forfeit any right or interest in the estate of her husband.

Section 2133, *supra,* would not affect a policy, which the husband had obtained upon his own life, and of which the wife was made the beneficiary, during the marital relation, and of which he never changed the beneficiary, and a divorce from the bonds of matrimony existing between them was never procured. Section 655, Kentucky Statutes, provides:

"When a policy of insurance is effected by any person on his own life, or on another life, in favor of some person, other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representative, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same; . . ."

Section 654, *supra,* provides:

"A policy of insurance on the life of any person, expressed to have been for the benefit of or duly assigned, transferred or made payable to any married woman, or to any person in trust for her, or for her benefit by whomsoever such transfer may be made, it inures to her separate use and benefit, and that of her children, independent of her husband or his creditors, or any other person effecting or transferring the same or his creditors. . . ."

Construing section 655, *supra,* it has several times been held, that where the insured never changed the beneficiary, and the beneficiary died before the insured, the legal representatives of the beneficiary were entitled to the proceeds of the policy, as against the representatives of the insured. Neal v. Shirley, 137 Ky. 818; Buckler v.

Supreme Council, 143 Ky. 618; Vaughn v. Modern Brotherhood, 149 Ky. 587; Hall v. Ayer, 32 R. 291. In Neal v. Shirley, *supra*, the court said:

"We had before us the construction of the statute in Hall v. Ayer, 105 S. W. 911, 32 R. 288. In that case, one of the beneficiaries had died before the insured. We there held, that the words 'his legal representatives,' in the phrase, 'the lawful beneficiary thereof, other than himself, or his legal representatives,' referred to the legal representatives of the beneficiary. The meaning of the statute in a case like this, therefore, is, that the beneficiary, or if he be dead, his legal representatives, shall be entitled to the proceeds of the policy against the representatives of the person effecting the insurance. The statute was plainly intended to protect the proceeds of policies of this sort against the creditors of the insured, and that protection was extended no less to the legal representatives of the beneficiary than to the beneficiary himself. The statute, as thus construed, necessarily excludes from any interest in the proceeds of the policy the representatives of the person effecting the insurance. Under the statute, the personal representative of James Neal takes no interest in the insurance policy before us. To adjudge him an interest in it would be to deny proper effect to the words of the statute."

In that case James Neal was the insured and the contest was between his representatives and those of the beneficiary.

Hence, if the policy, in the instant case, was obtained by the insured, Zadie Bradley, for the benefit of his wife, Cora, and she was made the beneficiary of it, and the right to collect the proceeds of the policy, in the event of his death, was not property belonging to his estate. Truly he had the right to change the beneficiary in the policy and might have done so at any time during his lifetime, but he never saw proper to do so and never did do so, and upon his death the title vested in her. In the event of his death, to receive the proceeds of the policy was a right, which belonged to the beneficiary, and not to the representatives of the insured. It is true, that the right of a beneficiary, under the policy, to receive its proceeds upon the death of the insured, was a property right, which Cora received by and through her deceased husband, by reason of their marriage, and probably in consideration of it, and if the policy was procured by the insured, there can be no doubt, that if a divorce had been granted to the parties, that Cora would have lost her

right to the proceeds of the policy, under the statute, which provides for a restitution of property received by either the husband or wife through or from the other by reason of their marriage relation, but no divorce ever having been granted, the provisions of the statute, section 2133, *supra,* would not affect her property right as a beneficiary under the policy, since that statute does not provide, that property received by a husband or wife by or through the other, by reason of their marriage relation, shall, in the event of one or the other offending by acts of adultery, be restored to the other party. No one could change the beneficiary, except the insured, and he did not do so.

The contest, in the instant case, is between the personal representative of the insured and the beneficiary. The insurance company has made no question as to which is entitled to the proceeds of the policy, but has paid the money into court, and questions, which might arise between the insurance company and either of the parties, are not here for consideration. Cora has executed an order, directing that forty dollars of the proceeds of the policy should be paid to R. L. Johnson & Co. for a burial casket for the insured.

It appears, that the court was in error in adjudging that the personal representative of Zadie Bradley was entitled to the remaining proceeds of the policy, and it is, therefore, ordered, that the motion for an appeal be sustained, and the judgment reversed, except as to the sum to be paid to R. L. Johnson & Co., and the cause remanded for proceedings consistent with this opinion.