## Ben H. Auxier, et al. v. A. E. Auxier, et al.

## Ben H. Auxier, et al. v. Williams Coal Company, et al.

(Decided May 14, 1918.)

## Appeals from Johnson Circuit Court.

1. Infants—Appeal and Error—Dismissal.—An appeal by those who were infants at the time of the rendition of the judgment prosecuted more than twelve months after they became twenty-one years of age can not, under the provisions of section 391 of the Civil Code, be entertained, and it will be dismissed.

2. Judgment—Requisites and Validity—Signature.—A judgment to be effective as such must be signed by the judge rendering it on the records of the court, and a prepared judgment, although signed by the judge and recorded by the clerk, is not valid unless the judge, also, signs the record. However, it is competent under proper proceedings had for that purpose for any succeeding judge of the court to sign the record of the judgment nunc pro tunc, after which it will be given effect from the time of its rendition. But to enable the court to do this there must be some memordanda or evidence of record or in the papers of the cause showing that a judgment was rendered, as well as its terms.

3. Infants—Sale of Undivided Interest in Land.—It is competent in a proceeding to subject the undivided interest of a joint owner in land to sell such undivided interest without selling the other joint interest, and this is true although the joint interest ordered to be sold is owned by infants.

4. Infants—Sale of Undivided Interest in Land.—Where a deceased son's undivided interest in land was sought to be sold for a debt which he owed to his father, the infant children of the son can not complain because the whole of the land was not ordered sold.

STRATTON & STEPHENSON for appellants.

HAGER & STEWART, FOGG & KIRK, WHEELER & WHEELER, VAUGHN & HOWES and C. B. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the first appeal and affirming the second one.

John B. Auxier died intestate a resident of Johnson county, Kentucky, in 1891. Prior to his death he divided his lands in that county, except some mineral interests hereafter to be noticed, among his eight children, except one daughter, to whom he gave nothing, but required all his other seven children to make her whole out of other landed interests which he owned in Martin county, Kentucky. The division of the lands so made was not

entirely a gift, and S. B. Auxier, one of the sons, to whom he conveyed about one hundred acres, at his death in 1893, owed his father's estate a balance of $100.00 of the amount agreed to be paid by him for the land which he got in the division. S. B. Auxier also died intestate, and left surviving him his widow and three infant children, all of whom are the appellants here. At the time of their father's death the children were 4, 5, and 7 years of age, respectively.

At the time of his death John B. Auxier owned a one-half undivided interest of the minerals in and to a tract of land in Johnson county containing two hundred acres, and a one-half interest in and to three tracts of land in Martin county, one of them containing two hundred and eighty acres and the other two fifty acres each, and the entire interest in two other tracts in that county containing fifty-eight and seventy-four acres, respectively. The Martin county lands, as above stated, were charged with the payment to John B. Auxier's daughter, Angelina Preston, of the sum of $160.00, to equalize her with the other children to whom the decedent had conveyed land.

After the death of S. B. Auxier his widow moved to Lawrence county, Kentucky, to the residence of her father, A. J. Webb, and the latter was appointed by the county court of that county guardian for her three infant children. In 1896, when the wards were aged seven, eight and ten years, respectively, the guardian filed the first suit above in the Johnson circuit court, making his wards and the heirs of John B. Auxier defendants. In his petition, after alleging his appointment and qualification as guardian, he averred that his wards inherited the one hundred acres of land located in Johnson county deeded to their father, S. B. Auxier, by their grandfather, John B. Auxier, and one-eighth of an undivided one-half interest in the minerals contained in the two hundred acres of land owned in that county, and a like interest in the first three tracts located in Martin county, and a one-eighth undivided interest in the last two mentioned tracts in that county; that they had no personal property, and it was necessary to sell their lands for the purpose of educating and maintaining the children and that none of it was productive; that it would be to the interest of the wards to sell all of it for the purposes of reinvestment, and he further alleged that S. B. Auxier, through whom his wards as his heirs obtained their interest, was indebted to the estate of John B. Auxier in the sum of

$100.00, which was a lien on the one hundred-acre tract of land in Johnson county, and that he was further indebted to John B. Auxier's estate in the sum of as much or more than $200.00 for other items not necessary to here mention; that to ascertain what interest his wards obtained, it was necessary that a settlement of the estate of John B. Auxier be had, and the indebtedness of S. B. Auxier to that estate be ascertained, and that the interest of S. B. Auxier in the land and mineral interest of his father's estate be sold for the purpose of paying his indebtedness to the estate; that the Martin county land owned by John B. Auxier should also be sold to pay to Angelina Preston the $160.00 going to her from her father's estate.

The heirs of John B. Auxier other than the children of S. B. Auxier filed an answer and counterclaim in the suit in which they set up the facts hereinbefore recited and asked that the Martin county land belonging to John B. Auxier be sold for the purpose of settling his estate, and that out of the proceeds Angelina Preston be first paid $160.00, and that out of S. B. Auxier's interest his indebtedness to his father's estate be paid and the balance, if any, after paying the cost, be subject to the orders of the court.

The case was referred to the master commissioner to take proof of the assets and liabilities of both the estates of S. B. and John B. Auxier, and to ascertain the indebtedness of the former to the latter, and to ascertain and report all facts necessary for the court to make an intelligent settlement of the matters involved. After the order of reference the Hon. A. J. Auxier was elected judge of the Johnson circuit court at the regular election in 1897, and he declined to sit in the case because of relationship to the parties. Whereupon, in obedience to the law then prevailing in this state upon the subject, the bar elected the Hon. B. L. Davis as special judge to preside in that case. In the meantime, some interlocutory orders had been made, none of which disposed of any meritorious question, and on February 23, 1899, when the special judge was elected, he entered the judgment appealed from, in which he ordered enough of the Martin county land sold to pay the amount adjudged to Angelina Preston, and that the undivided interest in the remainder of those lands, being the part inherited by S. B. Auxier from his father, be sold to pay the indebted-

ness of the former to the estate of the latter, the amount of which was found by the judgment. The commissioner sold those lands as directed by the judgment, selling first the entire title to the two tracts of fifty-eight and seventy-four acres each for the purpose of paying the amount adjudged to Angelina Preston, and the combined amount of those sales was but little more than the debt going to her. He sold the undivided interest of S. B. Auxier to the remaining three tracts in Martin county which the appellants inherited, and being a one-eighth of an undivided one-half interest in those tracts, to pay the indebtedness of S. B. Auxier to his father's estate, and the total amount of those sales was insufficient for that purpose. The bids at all the sales were more than two-thirds of the appraised value of the interests sold. The commissioner reported the sales, which were confirmed, and the same special judge at the succeeding May, 1899, term of the court entered another judgment ordering and directing the sale of the one hundred acres in Johnson county belonging to S. B. Auxier, and his one-eighth of an undivided one-half interest in the minerals under the two hundred acres in that county, the sale of the first tract being for the double purpose of paying the balance of the purchase money due on it to the estate of John B. Auxier and to reinvest the balance for the benefit of his children and for their education and maintenance, and the mineral interest in the latter tract in that county was sold for the same purposes and also to pay the balance of the general indebtedness of S. B. Auxier to the estate of his father. These last sales were made in accordance with the judgment and the price bid for the one hundred acres owned absolutely by S. B. Auxier was $500.00, the amount at which it was appraised, and the mineral interest in the two-hundred acre tract sold for its appraised value. These sales were approved, and deeds made accordingly.

In the meantime, the Consolidation Coal Company became and is now the owner of the mineral interest sold in the two-hundred-acre tract of land in Johnson county, and the Williams Coal Company became and is now the owner of the mineral in the one-hundred-acre tract of land in that county, the surface being owned by others.

The appeal in the first case above is from the judgment rendered therein on February 23, 1899, wherein the sales of the Martin county lands were ordered, and which

appeal is prosecuted by the infant defendants in that suit, who were the children of S. B. Auxier and the wards of their guardian, A. J. Webb. The youngest of the children was more than twenty-four years of age when the appeal was taken, the others being at that time twenty-five and twenty-seven years of age, respectively. A plea of limitation has been interposed against their right to prosecute the appeal, which, under the provisions of section 391 of the Civil Code of Practice, must be sustained, since their right to prosecute the appeal under those provisions expired one year after they became of age, and we therefore need not consider the questions raised on that appeal, except in so far as they are raised and insisted upon in the second case above. That case is an independent suit brought by the children of S. B. Auxier in the Johnson circuit court on April 8, 1911, in which the other heirs of John B. Auxier are made defendants, with the present owners of the lands sold under the judgments rendered in the first case above, and to which we have heretofore referred.

In the latter suit the facts above recited are alleged, and it is charged that the judgments rendered in the suit brought by A. J. Webb, guardian of appellants, are null and void, and plaintiffs in the new suit (being the second one above) seek to ignore the sales made under such judgments and to recover from the defendants all of the interest sold thereunder.

Many grounds are urged against the validity of the judgment in the first suit, but we do not deem any of them of sufficient importance to demand our consideration except, first, (a) that the first judgment rendered in the Webb suit by the special judge, B. L. Davis, was not signed on the record by him, but that it was prepared on a separate piece of paper and signed by the special judge and afterwards it and the judge's signature thereto were recorded upon the order book, and (b), that when the second judgment was rendered by the special judge in that suit in May, 1899, under which the Johnson county lands were sold, there was no re-election of the special judge, he acting under his election and qualification which occurred at the preceding February term of the court. Second: That the court had no authority to order the sale of only the infants' undivided interest which they inherited from their father, S. B. Auxier, in any of the land in either of the counties.

Considering the complaint made under division (a), of the first ground, it is a well settled rule that it is necessary to the validity of a judgment that it be entered upon the order book provided for that purpose, and after being so entered that it be signed by the judge who renders it. Bradley v. Bradley's Admr., 178 Ky. 239; Ewell v. Jackson, 129 Ky. 214; Farris v. Mathews, 149 Ky. 445; Inter-State Petroleum Co. v. Farris, 159 Ky. 820; Commonwealth v. Chambers, 1 J. J. Mar. 108; Raymond v. Smith, 1 Met. 65; Johnson v. Commonwealth, 80 Ky. 377, and many other cases which might be cited from this court.

In the case of Ewell v. Jackson, *supra,* it was held that although the judge rendering the judgment signed the paper upon which it was written, and which was afterwards recorded upon the order books of the court, this was not sufficient to comply with the rules, *supra,* and such signing by the judge would not render the judgment valid unless he signed the record. Another rule equally well established is that if the record or the papers in the cause furnish evidence that a particular judgment was in fact rendered, the regular judge of that court at any succeeding time, after notice and in a proper proceeding, might legally enter the judgment *nunc pro tunc,* or in the same way make any order or do any act that might be necessary to effectuate now what was in fact done then. Ewell v. Jackson, *supra;* Chester v. Graves, 159 Ky. 244; and Rogers v. Bigstaff's Ex'r, 176 Ky. 413.

After the second suit above was brought, the defendants therein, after due notice, procured an order redocketing the first suit and asked that the then presiding judge of the court sign the judgment rendered in the latter case *nunc pro tunc,* which motion, after hearing, was sustained and the judgment rendered in that case on February 23, 1899, was signed by the Hon. A. J. Kirk, the regular judge of the Johnson circuit court, before whom the motion was made. The proceeding for the *nunc pro tonc* order was regular, and the record furnished amply sufficient evidence that the ineffectual judgment had been rendered, and the court under the authorities was fully justified in sustaining the motion for the *nunc pro tunc* entry. This, under the cases referred to, rendered the 1899 judgment effectual from the beginning and cured the defect caused by the judge who rendered it not signing the record.

Briefly considering now sub-division (b) of the first ground of complaint, it may be stated that under the present law with reference to the designation of regular judges to act as special ones in districts other than their own, such designation does not qualify them to retain jurisdiction of cases submitted to them as special judges from one term to another, without reappointment, as was determined in the case of Kentucky Union Co. v. Bailey, 174 Ky. 488. Prior to the present law, when a special judge was elected by the members of the bar, his power after being so elected and qualified to try a cause did not cease with the expiration of that term, but continued until the cause was finally disposed of. Dupoyster v. Clark, 121 Ky. 694; Warner v. Ford Lumber & Manufacturing Co., 123 Ky. 114, and Kentucky Union Co. v. Bailey, *supra.* The special judge who rendered the judgment complained of here was elected under the same circumstances and under the same law which prevailed when the special judges in the last cases were elected, and of course the same rule with reference to his power over a cause submitted to him must prevail. It therefore results that special judge B. L. Davis in the instant case had authority to and rightfully rendered the judgment in May 1899, under which the Johnson county lands were sold, and this objection can not prevail.

The second ground urged for holding the judgment in the Webb case and the consequent sales thereunder void because only the undivided interest of S. B. Auxier was ordered sold is based upon the contention that the court should have ordered the sale of the entire tracts and not the undivided interest which the infants inherited from their father, S. B. Auxier, and in support of that contention we are referred to the case of Williamson v. Mann, 134 Ky. 63. In that case, however, the suit in which the order of sale was obtained was brought under the provisions of section 490 of the Civil Code of Practice, and it was held that the court was without authority in that character of suit, where the land was indivisible and the share of the infants was worth more than $100.00, to sell any less quantity of the land than the whole. But the sales here complained of were made for the purpose of satisfying the debts of S. B. Auxier under allegations in the pleadings, sufficient for that purpose, and, as stated in the pleadings, for the purpose of settling the estate of S. B. Auxier and paying his debts. The master

commissioner to whom the cause was referred reported certain debts which he owed the estate of his father, John B. Auxier, and to satisfy those the undivided interests complained of were sold.

In the case of Marcum v. Marcum, 177 Ky. 186, it was held that a creditor could not procure the sale of any more than his debtor's joint interest in indivisible property, and in the opinion two former ones by this court holding to the same rule were referred to, they being, Hill v. Cornwall, 95 Ky. 512, and Greenbaum v. Commonwealth, 147 Ky. 450. In the Marcum case, after approving .the other two, it is said:

"Under this rule the court was in error when it ordered the entire tract of land in controversy sold. It should have ordered to be sold only the one-third undivided interest of the husband, William Marcum." We still adhere to the soundness of those opinions.

In the instant case the heirs of John B. Auxier, with his administrator, asserted the claim against S. B. Auxier, which was afterwards reported by the master commissioner and confirmed by the court. The guardian in his petition also asked for the payment of S. B. Auxier's debts, and while the pleadings were somewhat irregularly drawn so as to make the action a settlement suit under the provisions of section 428 of the Civil Code, we think they were sufficient for that purpose, and when land was ordered sold for the payment of S. B. Auxier's debts, no greater interest should have been sold than that which he owned. This the court did, and the same is true with reference to his undivided interest in the mineral under the two hundred-acre tract located in Johnson county.

It is true that in the three cases referred to no infants appear to be involved. In this case the infants stand in the shoes of their father, whose undivided interest was sold for his debt, and we can discern no sufficient reason for withholding the application of the rule because the debtor may perchance be dead and leave infants surviving him. The reasons for not disturbing the interest of the other joint owners in the land are as potent in the one case as they are in the other. The sale of the other two tracts of the Martin county lands of fifty-eight and seventy-four acres, respectively, was made as a whole for the purpose of realizing a sum sufficient to pay Angelina Preston's claim against her

father's estate, and the purchase price of the two tracts was not more than sufficient for that purpose; so the complaint now being considered, if held valid, could not apply to those two tracts.

For the reasons stated, we are unable to agree with counsel that the judgment and sale of the undivided interest complained of was unauthorized, or that the judgment to that extent was invalid.

Wherefore, the judgment is affirmed. Whole court sitting.