### Shuey v. Hoffman.

(Decided October 10, 1930.)

JUDSON A. SHUEY for appellant.

OSCAR H. FORSTER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Charles G. Hoffman recovered a judgment in the Campbell quarterly court on September 5, 1917, for $100, with interest from April 10, 1915, and cost; execution issued on the judgment in due form from the circuit court after a copy of the judgment was filed. This execution

was levied on a tract of land subject to a mortgage, and on December 4, 1922, the land was sold by the sheriff and Hoffman bid the amount of his debt and cost. On November 18, 1925, Shuey brought an action in the circuit court to cancel and hold for naught the judgment and execution and all proceedings thereunder, on the ground that the judge of the quarterly court had not signed the judgment, and that it was void. On December 19, 1925, Hoffman entered a motion in quarterly court for an order nunc pro tunc giving him judgment and ordering the original record to be signed by the judge nunc pro tunc. The motion was sustained on December 30, 1925, and the judge then signed the record. Hoffman pleaded these facts in his answer. On April 14, 1926, the circuit court sustained a demurrer to the answer and held the proceedings void, entering judgment for Shuey as prayed in his petition. Hoffman superseded judgment and appealed to this court. On the appeal the judgment was reversed; the court holding that the nunc pro tunc order was good and that the judgment, when signed under this order, was valid from its original date, September, 1917. Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842. On April 6, 1928, judgment was entered in the circuit court pursuant to the mandate of this court. Shuey appealed from this judgment and it was affirmed by this court on May 29, 1928. Shuey v. Hoffman, 224 Ky. 765, 7 S. W. (2d) 202. On June 7, 1929, Hoffman filed, in the Campbell circuit court, his petition setting up the facts as to the execution sale, and asking that his lien on the property under his execution be enforced. Shuey filed answer pleading the Five-Years Statute of Limitations (Ky. Stats., sec. 2515). Hoffman by his reply set up the proceedings had in the former action and also the nunc pro tunc proceedings under which the judgment had been signed, now for then. The court overruled the demurrer to the answer and gave judgment in favor of Hoffman. Shuey appeals.

The only question arising on the appeal is: Was the action barred by limitation? In Due v. Bankhardt, 151 Ky. 624, 152 S. W. 786, it was held that such an action as this must be brought within five years from the time the cause of action accrued, as it rests on a liability created by statute. So the first question here is: When did the statute begin to run? It is well settled that an unsigned judgment is not valid. Ewell v. Jackson, 129 Ky. 214,

492

110 S. W. 860, 33 Ky. Law Rep. 673; Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Taylor v. Thornton, 178 Ky. 463, 199 S. W. 40, and cases cited. On the other hand, it is well settled that an unsigned judgment may afterwards be signed by the judge, and when so signed, as between the parties, the judgment is valid from the beginning and subsequent proceedings taken on it are not invalid. Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842, and cases cited. But although the subsequent signing of the judgment is good now for then, the plaintiff in fact has no cause of action and no right to sue until the judgment is signed, and the statute does not run against him until then. This precise question was presented in Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S. W. 535. In that case an appeal was not taken within two years after the date of the judgment and a motion to dismiss the appeal was made. But the judge had not signed the judgment until within two years before the appeal was taken, and it was held that there was no judgment until it was signed by the judge and that the appeal was taken in due time. To same effect is Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043. There can be no escape from the conclusion announced in these opinions; for the judgment being ineffectual until it was signed, the plaintiff was without any cause of action until the judgment was signed. The judgment in this case was signed on December 30, 1925, and this was within five years before the petition was filed on June 7, 1929.

Judgment affirmed.