### Koontz v. Butler et al.

(Decided April 21, 1931.)

W. MIKE OLIVER for appellant.

JOHN G. LOVETT for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

A purchaser of land at a decretal sale has prosecuted an appeal from a judgment sustaining exceptions to the sale. Several exceptions were filed, but the judgment of the cricuit court does not disclose the particular ground upon which it was rested. Counsel for appellee, however, seeks to sustain the judgment upon several grounds. The decree of the court, at the time of the sale of the land, had not been signed by the judge. A proper appraisal of the land as sold had not been made. The total sale price was far below the appraised value of the property and much less than a bona fide offer of a responsible person to bid for it at a resale.

An abridged statement of the facts will indicate the situation presented.

The decree directed a sale of a fifty-acre tract of land to satisfy a lien for $324, plus interests and costs, and then to pay a subordinate lien for $935.40. The decree further directed that, in making a sale to satisfy the first lien, the commissioner should offer such portion of the east end of the property as would bring the debt, interest, and costs, and then to sell the balance, or so

much thereof as might be necessary to pay the secondary lien, interest, and costs. The sale of the first portion was to be made on a credit of six months, and the other on a credit of six, twelve, and eighteen months.

The master commissioner accepted a bid for sixteen acres to satisfy the first lien, and, when he offered for sale the remaining thrity-four acres, only one bid of $400 was received. The appellant, Naner Butler Koontz, became the purchaser of the entire property. The decree was entered on April 12, 1930, the sale was made on June 23, 1930, and the report of sale was filed at the next term of court. The master commissioner caused the whole fifty acres to be appraised, but, after the sale of the sixteen acres, no separate appraisement was made. It appeared that the judgment had not been signed when the exceptions to the sale were filed, heard, and disposed of by the court. The court sustained the exceptions, modified the judgment of sale, and made specific directions for the conduct of a subsequent sale. A bond was filed by a responsible person by which he was bound to bid at least $1,250 at the resale.

It is argued that the court was not justified in setting aside the sale upon any of the grounds mentioned in the exceptions filed by the parties interested.

It is essential to the validity of a judgment that it shall be entered upon the order book provided for the purpose and duly signed by the presiding judge or his successor in the office. National Life & Accident Ins. Co. v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Farris v. Matthews, 149 Ky. 455, 149 S. W. 896; Bradley v. Bradley's Adm'r, 178 Ky. 239, 198 S. W. 905; Auxier v. Auxier, 180 Ky. 518, 203 S. W. 310; Anderson's Committee v. Anderson's Adm'r, 161 Ky. 18, 170 S. W. 213, L. R. A. 1915C, 581.

A judgment entered on the last day of a term and signed at the next term becomes effective from the date of the judgment; it being presumed, in the absence of a contrary showing by the record, that that judgment was signed when rendered. Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842; Id., Second Appeal, 235 Ky. 490, 31 S. W. (2d) 727; Union Gas & Oil Co. v. Indian-Tex. Petroleum Co., 203 Ky. 521, 263 S. W. 1; Supreme Tent, Knights of Maccabees v. Depriest (Ky.) 36 S. W. (2d) —, decided January 24, 1930. But at the

next ensuing term after a judgment is entered, and before it has been signed, the judge has power to modify the judgment so as to make it conform to the facts and to record truly the ruling of the court. Fristoe v. Gillen, 80 S. W. 823, 26 Ky. Law Rep. 149; Wilcoxen v. Farmers' National Bank, 225 Ky. 764, 10 S. W. (2d) 298. But the right of appeal accrues when the judgment is signed Auxier v. Auxier, supra; Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S. W. 535; Sandefur v. Stevens, 197 Ky. 527, 247 S. W. 730; Shuey v. Hoffman, 235 Ky. 490, 31 S. W. (2d) 727.

In this case the court set aside the sale at a time when the judgment was still unsigned, and then modified the judgment itself by ordering a resale of the property in a different manner and upon different terms. After the modification was entered both the judgment and order modifying it were signed, and the two orders became the final judgment of the court. It is clear that the circuit court had power to enter the order modifying the previous judgment which had not been signed, and likewise had authority to set aside the sale, which had been made pursuant to an unsigned decree. But it appeared also that the price received for the property was wholly inadequate. Although mere inadequacy of price is not a sufficient ground for vacating a sale (Burchfield v. Asher, 222 Ky. 108, 300 S. W. 331; Southwood v. Willis, 222 Ky. 782, 2 S. W. (2d) 660; Greer v. McAninch, 226 Ky. 644, 11 S. W. (2d) 696), it may present an appealing equity in favor of such action when other circumstances calling for a resale are present, as was the fact in this case.

The statute requires an appraisement of real estate before it may be sold under an order or judgment of a court other than an execution, and, if a part only of a tract of land is sold, the part sold must then be revalued. Section 2362, Ky. Stats. In this case there was an appraisement of the fifty acres as an entirety, but after the sale of sixteen acres thereof no separate appraisement was made of it, or of the thirty-four acres subsequently sold. Such failure to comply with the statute afforded ground for setting aside the sale. Meddis & Southwick v. Fenley, 98 Ky. 432, 33 S. W. 197, 17 Ky. Law Rep. 974.

It is argued, however, that the failure to appraise the land affected only the debtor, who had the right to re-

deem the property if it brought less than two-thirds of the appraised value. Cf. Anderson v. Briscoe, 12 Bush, 344. But the creditors are interested in collecting their debts, and the equity of redemption also may be sold. Ky. Stats., sec. 2365; Cantrill v. Perry's Adm'r, 13 Ky. Op. 807; Graves v. Long Ass'n, 87 Ky. 441, 9 S. W. 297, 10 Ky. Law Rep. 414. In the present instance the appraised value of the property was $1,500, while the aggregate of the prices bid at the sale was only $783.76.

The total liens adjudged against the property amounted to more than $1,200, and a responsible person submitted a bona fide offer, coupled with a bond, to the effect that on a resale he would bid for the land as a whole. Under such circumstances the circuit court was justified in vacating the sale and in ordering a resale of the property.

The appellant insists that the court erred in denying her motion to offset an adverse judgment for costs against a judgment in her favor against C. L. Butler. Cf. Civil Code of Practice, secs. 377, 387. C. L. Butler is not a party to this appeal, and the question affects none of the other parties. In that situation we are not authorized to determine a question which concerns only the appellant and C. L. Butler.

The judgment is affirmed.