## Cunningham et al. v. Grey et al.

(Decided Dec. 14, 1937.)

H. R. WILHOIT for appellants.

LITTLETON & JARVIS and THOMAS D. THEOBALD, JR., for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

W. E. Cunningham died intestate the owner of 85 acres of land on the headwaters of Straight creek near the junction of Carter, Boyd, and Lawrence counties. The land is rectangular. The county road divides it longitudinally and the creek more or less parallels the road on first one side and then the other. The land is rough, and it seems to be generally agreed is not well adapted to cultivation but good for grazing, although the creek often goes dry.

Two of Cunningham's children brought this suit against the other four, asking for a partition. The defendants made an issue as to the divisibility, and affirmed that the land could not be divided without materially impairing its value and the value of each part thereof. After hearing much evidence and having personal knowledge of the property for more than 40 years, the court decided the case for the defendants and ordered the property sold as a whole, and, "after payment of costs, including attorneys' fees," directed that the proceeds be distributed among the six owners.

The plaintiffs, as appellants, argue: (1) The defendants did not sustain the burden of proving the land to be indivisible and that it is in fact readily divisible into six parcels; (2) that the court was without authority to order a sale in an action for partition, the case not having been transferred to equity; and (3) the allowance of attorneys' fees is reversible error; and (4) their exceptions to the report of sale should have been sustained.

The evidence was contradictory as to the capability of the land being partitioned fairly. Near one end of the tract are a residence with outbuildings, and a small storehouse in which Cunningham had once carried on a mercantile business. Appellants' witnesses estimated the value of these buildings to be from $300 to $350, and the entire property from $1,800 to $2,000. Appellees' witnesses valued the buildings at $600, and the entire tract from $1,000 to $1,200. The appellants' witnesses expressed the view that the improvements could be set apart with an acre of land to one joint owner and the rest of the tract divided into five strips so that each would have access to the county road and to the creek, and as thus divided the aggregate value would be more than the property as a unit. The defend-

ants' witnesses were of opinion that such division would not be fair or practical and partition could not be made equitably. Taking the average of the estimated values of the acre and improvements, $450, and of the whole tract, $1,400, it is manifest that if the former be set off to one party the value of each remaining section would be only $190. If the minimum value of the improved acre, $350, and the amount for which the entire property sold, $1,000, are taken, then the division would be more unequal. Moreover, there are only two springs of water on the place, and it appears that the minerals of 10 acres had been previously sold. These facts further complicate the matter of partition. It seems to us the decision of the chancellor should not be disturbed. Leslie v. Sparks, 172 Ky. 303, 189 S. W. 463.

Courts of common law and equity have exercised concurrent jurisdiction in directing partition of lands and then compelling title to be made in confirmation thereof. Beeler's Heirs v. Bullitt's Heirs, 10 Ky. (3 A. K. Marsh.) 280, 13 Am. Dec. 161; Hunter v. Brown, 46 Ky. (7 B. Mon.) 283. Section 499, subsecs. 1 and 10, of the Civil Code of Practice, provides that actions for division of land shall be tried as ordinary actions, but without a jury. Chamberlain v. Ballinger, 13 S. W. 429, 11 Ky. Law Rep. 966. It was quite appropriate that the court in the instant case, sitting as a common-law judge, upon determining that a partition of the land involved was not proper, should proceed to enter judgment accordingly and, in conformity with the defendants' pleading, adjudge a sale and distribution of the proceeds. Though the court failed to enter an order transferring the case to the equity docket, the rights of the litigants were not affected thereby, nor the judgment rendered erroneous on that account. Wood's Guardian v. Inter-Southern Life Ins. Co., 224 Ky. 579, 6 S. W. (2d) 712, 713; Weikel v. Alt, 234 Ky. 91, 27 S. W. (2d) 684.

It is argued by the appellants that this being a contest with attorneys retained by each side, it is reversible error for the court to have directed the commissioner to deduct attorneys' fees from the proceeds of the sale before distributing the same. Each case cited in support of the proposition involved the allowing of an attorney's fee for the successful party, which, in part, was made payable by his adversary, the loser, who was represented by his own counsel. The judgment in this case does not specify whose attorneys are to be paid.

It simply adjudges that, after payment of the costs and attorneys' fees, the balance should be distributed. We construe this judgment to mean that the liens of the attorneys for each party (section 107, Statutes) should be satisfied out of the proceeds payable to the respective parties, and not that the fees of the defendants' counsel should be chargeable against the whole fund. As thus construed the appellants have no reason to complain. No order of distribution appears ever to have been made.

The exceptions to the report of sale were based upon the ground of inadequacy of price and because the judgment ordering the sale had not at that time been signed. Inadequacy of price, though an appealing ground when gross, is ordinarily not of iself sufficient to justify the setting aside of a sale. We are not prepared to say that under the evidence heard upon the issue of divisibility and value—not on the exceptions, for there were none—the court would have been justified in setting aside the sale. It is a well-established rule that an unsigned judgment may be afterwards signed by the judge and, when so signed, as between the parties, the judgment and subsequent proceedings are valid. Shuey v. Hoffman, 235 Ky. 490, 31 S. W. (2d) 727.

The judgment is affirmed.