## Gorman v. Lusk et al. (two cases).

Dec. 5, 1939.

J. B. Eversole for appellant.

Bailey P. Wootton, E. C. Wooton and D. G. Boleyn for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

These two appeals have been consolidated and will be disposed of in one opinion.

Joseph Lusk and others brought an action in the Perry circuit court November 12, 1934, to cancel a coal lease dated October 12, 1933. The case was tried before Hon. O. H. Pollard, special judge, and on October 2, 1935, judgment was rendered in favor of the plaintiffs. Gorman appealed, and the judgment was affirmed May 25, 1937, and a petition for rehearing was overruled November 23, 1937. Gorman v. Lusk et al., 270 Ky. 350, 109 S. W. (2d) 625. On February 7, 1938, Gorman brought this action to set aside the judgment purportedly rendered on October 2, 1935, on the ground that although it was entered on the order book of the Perry circuit court, yet it was never signed and approved by Hon. O. H. Pollard, special judge. In the second paragraph of their answer the defendants alleged that after Hon. O. H. Pollard had qualified as special judge to try the case of J. E. Lusk et al. v. Perry F. Gorman, he rendered judgment in the action, and prepared his judgment so rendered and signed the same and handed it to the circuit clerk with directions to enter it, and that said judgment was spread upon the order book by the clerk. They further alleged that, when the judgment was rendered, the defendant in that action, Perry F. Gorman, and counsel were present and excepted to the judgment and prayed an appeal to the Court of Appeals, which was granted, and thereafter Perry F. Gorman, by counsel, treating the judgment as having been duly rendered, entered, approved, and signed by the special judge, appeared before him and made application for an order al-

lowing and permitting the defendant therein, Perry F. Gorman, to have the original exhibits filed in said action made a part of the record upon appeal without being recopied by the clerk of the Perry circuit court, and that said order was granted by the court and was duly entered by the clerk; that thereafter Perry F. Gorman prosecuted an appeal to the Court of Appeals of Kentucky from the judgment rendered by the Hon. O. H. Pollard, thereby representing to the Court of Appeals of Kentucky that the judgment had been duly rendered, entered, and approved by said special judge. They relied upon these facts as an estoppel. The regular presiding judge of the Perry circuit court being disqualified to try the case, that fact was certified to the Chief Justice of the Court of Appeals for the appointment of a special judge, and Hon. J. C. Jones of Frankfort, Kentucky, was appointed, and his commission was filed in the Perry circuit court on May 20, 1938. Hon. O. H. Pollard, who had been appointed to try the original action between the parties, had died in the meantime. On May 20, 1938, the plaintiffs in the original action moved the court to enter the judgment theretofore rendered on October 2, 1935, nunc pro tunc. They also tendered and offered to file the mandate of the Court of Appeals. Proof was heard and on May 23, 1938, the motion to enter nunc pro tunc the judgment rendered on October 2, 1935, was sustained and the judgment was entered. The motion to file the mandate of the Court of Appeals was also sustained. Perry F. Gorman tendered and offered to file an amended answer and counterclaim in the original action, but an objection to its filing was sustained. The court also entered a judgment dismissing Gorman's petition filed February 7, 1938. It is from these two judgments that Gorman has appealed.

If the order entering nunc pro tunc the judgment rendered by Hon. O. H. Pollard, special judge, on October 2, 1935, is correct, then it follows that the judgment dismissing the petition in the action to set aside the judgment of October 2, 1935, and hold it null and void is also correct. It is essential to the validity of a judgment that it shall be entered upon the order book provided for the purpose and signed by the presiding judge or his successor. Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292; Hazelip v. Doyel, 260 Ky. 313, 85 S. W. (2d) 685; National Life & Accident Insurance Company v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422; Auxier v.

Auxier, 180 Ky. 518, 203 S. W. 310. It is a well-established rule in this jurisdiction that "a judgment may be entered nunc pro tunc if from some minute, memoranda, or paper in the record it can be shown the court had acted on the matter and just what the court's action was, so that nothing judicial remains to be done but to direct the clerk to supply the clerical element and to put in proper form the evidence of the court's action already informally appearing." Happy Coal Company v. Brashear, 263 Ky. 257, 92 S. W. (2d) 23, 34; Benton v. King, 199 Ky. 307, 250 S. W. 1002; Hazelip v. Doyel, supra; Auxier v. Auxier, supra. The record evidence in the present case was sufficient to authorize the entry of the judgment nunc pro tunc. It was shown by memoranda and papers in the record that the court had acted and just what its action was. The original draft of the judgment was found among the papers in the case. It was signed "O. H. Pollard, Special Judge, Perry Circuit Court," and this notation appeared thereon: "Enter this judgment." The judgment was spread on the order book and appeared in order book 25 at page 451, and was one of the orders entered on October 2, 1935. A more satisfactory showing to authorize the entry of a nunc pro tunc order cannot be conceived, since the only missing element of a valid judgment was the signature of the judge on the order book. Such orders have been approved in a number of cases where the record evidence was less convincing. Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678; Benton v. King, supra, Auxier v. Auxier, supra. The successor of the special judge who rendered the judgment but failed to sign the order book could validate the judgment by having a nunc pro tunc order entered and signing it. Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860, 33 Ky. Law Rep. 673. A judgment nunc pro tunc operates retrospectively to the date of the rendition of the original judgment, and validates, as between the parties, all subsequent proceedings. Cunningham v. Grey, 271 Ky. 84, 111 S. W. (2d) 579; Shuey v. Hoffman, 235 Ky. 490, 31 S. W. (2d) 727; Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 1051, 58 A. L. R. 842. In Hoffman v. Shuey, supra, it was said:

"The records show what the court did. It rendered a judgment in favor of Hoffman and against Shuey, and the only attack that is made upon its validity is directed to the failure of the judge to sign it. One

of the maxims of the law that has come down to us from hoary antiquity is, 'Actus curiæ neminem gravabit'—an act of the court shall prejudice no man. Applying that maxim to the case before us, it follows that Hoffman should not be prejudiced by the failure of the judge of the Campbell quarterly court to sign this judgment when it was rendered in 1917, and since he has, after proper notice to Shuey, made a motion to have the present judge of the Campbell quarterly court sign this judgment, and the present judge of the Campbell quarterly court has signed the judgment and directed that it be treated and considered for all purposes as between the parties as having been signed on September 5, 1917, it became, after it was signed, a valid judgment effective from the date that it was rendered, and not the date that it was signed, and all acts, steps, and processes taken, done, and issued under and in an effort to enforce it were likewise validated.''

It follows from what has been said that the entry of the judgment nunc pro tunc was proper and that all proceedings subsequent to the rendition of the judgment on October 2, 1935, were thereby validated.

The judgment in each case is affirmed.

Whole Court sitting.