## Second Nat. Bank of Paintsville v. Blair.

Jan. 30, 1945.

Fred Howes for appellant.

J. L. Harrington for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Second National Bank of Paintsville, Kentucky, brought this action against Nancy Catherine Blair to recover the balance due on a judgment alleged to have been rendered in the Johnson circuit court on December 8, 1934, against her husband F. P. Blair in an action styled Second National Bank v. Elzie Trimble, W. E. Trimble, and F. P. Blair. It was alleged that F. P. Blair died testate after the judgment was rendered and before execution issued thereon, and that his widow, Nancy Catharine Blair, was the sole devisee under his will. The plaintiff asked that it be adjudged a lien on certain real estate devised to defendant by F. P. Blair, and that this real estate be sold to satisfy the judgment of December 8, 1934. From a judgment dismissing the petition, the plaintiff has appealed.

The alleged judgment on which this action is based was in an action by the present appellant against F. P. Blair and others to recover the balance due on a $2,000 note dated December 20, 1927. Elzie Trimble borrowed from the bank the sum of $2,000, and Blair signed the note as surety. Attached to the note as collateral was a note for $2,000 secured by a mortgage on real estate executed to Elzie Trimble by James Dills and wife. $350 was paid on the note to the bank, and in 1933 the bank brought an action against the Trimbles, Blair, and James Dills and wife to recover the balance due on the note and to foreclose the mortgage on the Dills' land. On November 18, 1933, the following order was entered:

"The plaintiff entered its motion for judgment and entered motion to submit for judgment on the face of the papers which is sustained and the case submitted."

Appellant refers to this order as a judgment on the merits, but it is merely an order submitting the case for judgment. On December 7, 1933, an order was entered filing a demurrer to the bank's petition. On February 10, 1934, this entry was made on the order book:

"Second National Bank vs. Elzie Trimble et al. Came the plaintiff and enters motion for judgment

against principal makers of note sued on on the face of papers.''

On December 8, 1934, what purports to be a judgment was spread on the order book, but it is conceded that it was never signed by the presiding judge. All other orders in the case were signed by him. Apparently the judgment was prepared by the attorneys for the plaintiff and handed to the clerk who entered it on the order book before it had been presented to or approved by the court. On the same day, December 8, 1934, this order was entered and signed by the judge:

''Second National Bank vs. Elzie Trimble et al. Order.

''It is this day ordered that the former order herein submitting this case for judgment be and is hereby set aside and held for naught; and this day comes the plaintiff Second National Bank in response to defendants motion for it to file the original mortgage sued on and produced the original mortgage and also voluntarily produced the original note sued on, all of which is ordered filed.

''It is further ordered that the defendant file further pleadings if any they have by Monday December 23, 1934.''

On April 1, 1935, an order was entered sustaining F. P. Blair's demurrer to the petition and giving plaintiff to the first Monday in May to plead further on penalty of having its petition dismissed as to Blair. It is argued that this order is void because it was entered during vacation, but, be that as it may, a valid order which, in effect, sustained Blair's demurrer and dismissed the petition was entered on August 3, 1935, the last day of the June extended term. The order reads:

''The defendant F. P. Blair having filed demurrer to plaintiff's petition as to him, and the same being sustained the plaintiff was given until rule day in May 1935 to plead as to the said Blair, and the plaintiff failing to further plead this cause of action is dismissed as to the said F. P. Blair.''

No objection was made or exception taken to this order. It is obvious from what has been said that the entry of December 8, 1934, on the order book on which this action is based was not a valid judgment; in fact,

was no judgment at all. In order to give a judgment validity, it must be entered on the order book and signed by the judge. Gross Adm'x v. Couch, 292 Ky. 304, 166 S. W. 2d 879; Gorman v. Lusk, 280 Ky. 692, 134 S. W. 2d 598; Hazelip v. Doyel, 260 Ky. 313, 85 S. W. 2d 685; Shuey v. Hoffman, 235 Ky. 490, 31 S. W. 2d 727. In Farris v. Matthews, 149 Ky. 455, 149 S. W. 896, 898, the court said:

"It is well settled that it is essential to the validity of a judgment that it shall be entered upon the order book of the court, and signed by a judge, and that an unsigned judgment is no judgment at all."

It appears that the judge signed all of the orders entered at the February, 1935, term of the Johnson circuit court, and it is argued that this validated the unsigned judgment entered on the order book at the preceding term. Bennet v. Tiernay, 78 Ky. 580, I Ky. Law Rep. 312, is cited, but in that case a judgment was rendered on the last day of a regular term of court, was entered by the clerk on the order book during vacation, and was signed by the judge on the first day of the next regular term. In the case before us the judgment upon which the action was based was never signed.

The judgment is affirmed.