### Sublett v. Gardner, Committee, et al.

(Decided June 9, 1911.)

#### Appeal from Magoffin Circuit Court.

1. Special Judge—Authority—A special judge appointed to try a case because of the disqualification of the regular circuit judge, has authority to hear and determine all questions involved so long as the regular judge is disqualified from acting, and the special judge is not superseded by the appointment of another special judge.

2. Judgment—Necessity for Holding Court—While the special judge may take the papers in a case to another county and there consider the case, and prepare a judgment, he can not render judgment in a case without holding court either at a regular or special term, and a judgment rendered without court being held is void.

3.  Order Book—Signing Judgment—Where the regular judge is disqualified from acting, the order book containing the judgment must be signed by the special judge, a signing in blank before the judgment is entered is not sufficient to give validity to the judgment.

4.  Execution—Amendment—Sheriff—Homestead—A sheriff is without power to amend an execution by inserting the names of the parties plaintiff. A defective execution can be amended only in open court upon motion and after reasonable notice to the parties to be affected. Before selling land under an execution, the sheriff should set apart to the debtor his homestead therein.

5.  Execution Sale—Void Sale—A sale of more land than is necessary to pay the execution debt is void, where the sheriff failed to ask for bids on a basis of who would take a less number of acres than the whole tract and pay the debt.

D. D. SUBLETT, J. H. SUBLETT and SCOTT & HAMILTON for appellant.

BYRD & HOWARD and JNO. H. GARDNER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

D. D. Sublett was the committee of B. F. Gardner. Some time prior to April 13th, 1905, a suit was instituted in the Magoffin Circuit Court by Tone Gardner, next friend of B. F. Gardner, for the purpose of having Sublett removed. The regular circuit judge being disqualified, J. J. C. Bach was appointed special judge to try the case. Sublett resisted the application for his removal, but the special judge, by judgment regularly entered, directed that he be removed. When this judgment was rendered, no order was made with reference to the costs of the action. On June 20, 1907, a personal judgment was rendered by Bach, as special judge, against D. D. Sublett for the costs. Upon this judgment an execution was afterwards issued and placed in the hands of the sheriff. The execution was levied on a certain tract of land belonging to Sublett; thereafter a venditioni exponas was issued and the tract of land levied on was sold by the sheriff for the sum of $294.65. D. G. Sublett became the purchaser.

Appellant brought this action against appellee to vacate the judgment for costs and to enjoin all proceedings had in pursuance of the judgment. A demurrer was sustained to appellant's petition as amended, and,

having declined to plead further, his petition was dismissed. From that judgment this appeal is prosecuted.

It is charged, in substance, in the petition and amended petitions, that J. J. C. Bach, without notice to appellant, took the papers in the case to Breathitt County, and there heard and determined the cause and rendered judgment; that this was done without holding or opening court in Magoffin County. It is also charged that the judgment was fraudulently rendered and entered, and that if signed at all by the special judge, his name was signed to the order book before the judgment was entered; and that some portion of the record was afterwards erased and the judgment in question entered above his signature.

It is also charged that the execution which issued upon the judgment did not contain the names of the parties plaintiff at the time it was levied, but that said names were afterwards wrongfully inserted in the execution.

There is a further allegation to the effect that appellant lived upon the land that was sold, and that he was a housekeeper with a family, and, therefore, entitled to a homestead, and that the sheriff sold the land without allotting him a homestead therein.

There is another allegation to the effect that the land sold was worth, at least, $3,500, and worth far more than was necessary to pay the execution debt, and that the sheriff made the sale without asking who would pay the debt and take a less number of acres than the whole tract; thus more land was sold than was necessary to pay the debt.

As Bach was commissioned to try the case because of the disqualification of the regular circuit judge, his commission carried with it the authority to hear and determine all questions involved in the case, so long as the regular judge was disqualified from acting, or Bach was not superseded by the appointment of another special judge. A special judge may take the papers in a case and go to another county, if he desires, and there consider the case and prepare such judgment as he may think proper; however, it is absolutely necessary for him to hold court, either at a regular or special term; he can not render judgment in a case without having held court for that purpose. If, after holding court and taking the case under advisement, he prepares a judgment,

that judgment may be entered in the same manner as a judgment rendered by the regular circuit judge. If the regular circuit judge be disqualified from sitting in a case, he can not give validity to the judgment by signing the order book. (Ewell, et al. v. Jackson, et al., 129 Ky., 124.) In such a case the order book must be signed by the special judge, himself. Here, appellant has brought a direct proceeding to have the judgment and all proceedings thereunder set aside, and has alleged that no term of the court was held, and that the order book was signed by the special judge in blank prior to the time the judgment was rendered, and that the judgment was afterwards recorded above his signature. While the record imports absolute verity, it may be attacked in a direct proceeding such as this, upon an allegation of fraud. (Bennett, et al. v. Tierney, et al., 78 Ky., 580.) For the purpose of passing upon the sufficiency of the petition and amended petition, the allegations therein stated must be taken as true. If Bach heard and determined the case without holding court at all, the judgment in question was void. If he signed the order book in blank and the judgment was thereafter entered by the clerk, over his signature, such signing could not give validity to the judgment.

We also conclude that the sheriff was without authority to amend the execution, which came into his hands, by inserting the names of the parties plaintiff. The execution could be amended only in open court, on motion and after reasonable notice to the parties to be affected.

We further conclude that, if appellant had a homestead in the land sold, it was necessary for the sheriff to set apart the homestead before selling the land; and if it be true that the sheriff sold $3,500 worth of land to pay a debt of only $294.65, without asking if there was any bidder present who would take a less number of acres than the whole tract and pay the debt, the sale was void.

It follows, from the foregoing, that the trial court erred in sustaining a demurrer to the petition as amended.

Judgment reversed and cause remanded for proceedings consistent with this opinion.