## May v. Williams, et al.

(Decided March 27, 1925.)

### Appeal from Pike Circuit Court.

1.  Wills—Testator's Refusal to Accept Payment of Debt from Son Held to Release it Under Will Releasing Debts of Children.—In view of Ky. Stats., section 4839, making will speak as if executed

immediately before testator's death, in absence of contrary intentions appearing by will, where testator had lived many years with son who had cared for him and his wife, although son had paid him debt owed at time of execution of will, and later testator refused to accept payment of subsequently incurred indebtedness, latter debt was released under provision of will releasing indebtedness of children to testator.

2. Dismissal and Nonsuit—After Order Dismissing Case, Entering Judgment was Error.—Where, after case was appealed and returned to trial court, order referred it to master commissioner, and after motion to require plaintiffs to give bond for costs order was entered dismissing case, in absence of showing that such order was set aside, or case reinstated, entering judgment was without authority of court and erroneous.

HARMAN, FRANCIS & HOBSON for appellant.

MOORE & CHILDERS and E. D. STEPHENSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

William R. May, believing the trial court erred in adjudging that he was indebted to the estate of Thomas P. May in the sum of $1,050.00, has appealed. Reference to 161 Ky. 114, 170 S. W. 537, will be of assistance to the reader. This appeal involves a construction of this part of the will of Thomas P. May:

"I hereby release my sons, William R. and T. B. May, from paying to me or to my estate any of the debts or demands they or either of them may owe me, except what T. B. May owes me as balance on land.

"I have heretofore given to all of my other children all that I intend them to have of my estate, except as I have specified in this my will."

After the execution of this will, William R. May, the appellant, paid his father what he owed him at the time the will was written and later William R. May again borrowed from his father to the extent of $1,050.00. Thomas P. May and his wife lived with William R. May until they died.

The testimony shows that William R. May did not know of the provisions of his father's will, or that he had even made a will. It is shown by the witnesses Ollie May and also by Willie May, that William R. May on different occasions offered to repay this money to his father, and

that his father refused to take it, but stated, in substance, that he had been more trouble to his son than he had expected to be. Here, then, we have this situation: The old man knew the provisions of the will. He knew that his son, Wililam R. May, had been burdened with the care of himself and wife for nearly twenty years after the writing of the will, while the other children were widely scattered, giving him little or no attention. So we can imagine the thought running through the old man's mind when William R. May offers to repay this money. He says to himself, "No, I will not take it. I will simply let this indebtedness be released under the provisions of my will." Section 4839 of the Kentucky Statutes provides:

"A will shall be construed, with reference to the real and personal estate comprised it, to speak and take effect as if it had been executed immediately before the death of the testator unless a contrary intention shall appear by the will."

The reasoning in Gray's Admr. v. Pash, et al., 66 S. W. 1026, 24 Ky. L. R. 963, applies forcibly in this case. After the appeal, *supra*, and the return of this case to the Pike circuit court, there was on March 22, 1915, an order made referring it to the master commissioner. On July 5, 1915, a motion was made to require plaintiffs to give bond for costs, and on September 27, 1915, an order was entered dismissing the case and there is nothing to show this was ever set aside, or the case reinstated. Thus the court had no authority to enter a judgment, and the judgment entered was erroneous. Therefore, it is reversed, and the cause remanded, with directions to set aside the judgment and dismiss the case.