## Merrick et al. v. Merrick.

(Decided May 1, 1934.)

**146**

S. D. HODGE and A. MORSE for appellants.

C. A. PEPPER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This action was originally brought by J. R. Kevil against S. E. Merrick, Mary Merrick, and Julia Merrick to recover on a note and to enforce a mortgage on real estate, "executed and delivered simultaneously with the execution of the note by the aforesaid defendants."

No summons appears in the record. The cause was docketed for the March term of court, 1925, which convened on the 1st day of March. On the docket of the case there were entered the words "judgment by default." On the 18th day of June, 1926, the cause was styled with other equity actions and an order was entered reading: "Order each of the foregoing actions be stricken from the docket." On November 4, 1932, or more than six years after the entering of this order, Robert Merrick caused to be executed a notice addressed to W. E. Merrick, Mary Merrick, and Julia Merrick, reciting, "as assignee of J. R. Kevil, the plaintiff in the action, he would on the 7th day of November 1932, enter a motion, to reinstate the action on the docket and substitute his [Robert Merrick's name] as plaintiff therein in lieu of the name of J. R. Kevil and enter a judgment in said action in the name of Robert Merrick against said defendants as of date of March 4th, 1925 and upon said motion, said Robert Merrick will at said time pray the judgment of the court."

The return of the sheriff, reads:

"Executed by delivering a true copy of the within notice to Mary Merrick and Julia Merrick and by

delivering a true copy thereof to Mary Merrick, a person over the age of 16 years, residing with S. E. Merrick for S. E. Merrick, this the 4th day of November 1932. Delivered a copy of same to Albert Morse and S. D. Hodge the same day.''

S. E. Merrick, etc., appeared on the 7th day of November and filed a written objection to the motion on the grounds she ''fails to state any facts whatever on which to base such a motion''; ''Robert Merrick was not a party plaintiff, or defendant, to the action''; ''the notice had not been executed 10 days before the entry of the motion''; the action was stricken from the docket ''under a general call of all the cases upon the old Equity Docket'' of this court at the June term, 1926, and the order striking it from the docket had been duly entered; another action was pending in the name of Robert Merrick, plaintiff, ''against the defendants, S. E. Merrick, etc., wherein it is alleged that said action of S. R. Kevil, S. E. Merrick, etc., was never strickened from the docket; that the note on which action of J. R. Kevil was instituted, was voluntarily paid off and discharged by Robert Merrick.''

On the 5th day of January, 1933, the court delivered a written opinion in which he stated:

''The court has nothing before it from which to determine the issues herein, except, however, the splendid briefs of the respective attorneys. There seems to be some conflict between counsel as to whether or not the order of court striking this case from the docket in 1925, was attempted to be corrected by the then clerk of the court, or whether or not the order in question was meant to refer to some other case as contended by counsel for the movant, Robert Merrick. * * * At the March term 1925 of this court his Excellency, Honorable Ruby Laffoon, then Judge of said Court, on the 3rd day of the March Term, 1925, entered on the Equity Docket: 'Judgment by Default.' * * * It is conceded that the movant, Robert Merrick, who is an elderly man, an uncle of the defendant, S. E. Merrick, out of his desire to prevent a sale of his nephew's land, paid to the plaintiff, J. R. Kevil, the amount due him under the said note and mortgage sued on, the movant, Robert Merrick, seems to have made his home on the mortgaged property and pos-

sibly with his nephew, S. E. Merrick, until sometime during the year, 1932, when he left the premises and instituted suit for the enforcement on the assigned note and the mortgage securing same. * * * It appears that upon the assignment of the note to the movant by Kevil, that Kevil undertook to release the mortgage upon the record of the County Court Clerk's Office, this may or may not have been done at the instance of the movant, Robert Merrick, as there is nothing in the record to shed light upon this question."

On the 2d day of February, 1933, the Merricks filed in the clerk's office a special demurrer, and on the same day, without waiving it, filed an "answer" to Robert Merrick's motion. The answer contains six paragraphs. The first is a traverse. The second states the relationship of Robert Merrick, S. E. Merrick, and Julia Merrick, followed by the allegation the land was conveyed to S. E. Merrick in consideration of his promise to support Julia Merrick and William Merrick, the brother of Robert Merrick, during the remainder of their natural lives; afterwards the note and mortgage now sought to be enforced were executed and delivered after the death of William Merrick and the note later transferred to Kevil; that the summons in the action filed by Kevil was not executed in time for a judgment at the March term, 1925, and for that reason Kevil was not entitled to judgment. It is further alleged in this paragraph that Robert Merrick, upon being informed of the pendency of the action and of the fact S. E. Merrick and Julia Merrick were about to lose their home, voluntarily agreed with Kevil to pay the note, and Kevil in pursuance to the agreement released the mortgage on record in the office of the county clerk and dismissed the action. There is copied in the answer an entry on the margin of the record of the mortgage, a statement signed by the Farmers' National Bank, by J. R. Kevil, as president, acknowledging the release of the lien, attested by the deputy county clerk. The third paragraph of the answer pleaded Robert Merrick did not list or pay taxes on the note in the years 1925 to 1933, inclusive, as required by section 4019a-13, Ky. Stats. The fourth pleaded the statute of limitation of five years. The fifth again set up an agreement between Julia Merrick and Robert Merrick to dismiss the Kevil suit for the payment by Robert Merrick of the note and the releas-

ing the mortgage lien. The sixth paragraph set up facts in bar of the motion to redocket and set aside the order of the court dated June 18, 1926.

On the 2d day of February a judgment was entered reinstating the case on the docket, decreeing a personal judgment in favor of Robert Merrick against S. E. Merrick, Mary Merrick, and Julia Merrick for the $1,397.63, with interest from March 23, 1923, until paid and costs, with direction to the master commissioner to sell the land to satisfy same. The written opinion of the court was therein made a part of the record. The answer of the Merricks was "made a part of the record for the purpose of an appeal and for no other purpose whatever." The Merricks saved exceptions and prayed an appeal which was granted.

On the 7th day of March, 1933, the Merricks filed a notice and moved the court to set aside this judgment. The notice upon which this motion was based recites the judgment was prematurely rendered and erroneously disregarded their answer and charges it was entered of record on the 2d day of February, 1933, out of term time, without notice.

The master commissioner, in compliance with the judgment, sold and reported the sale of the land at the March term, 1933. Robert Merrick was reported the highest bidder at the price of $500. On the 8th day of March, 1933, the Merricks filed exceptions to the sale. The exceptions, in substance, are a reiteration of the grounds for setting aside the judgment.

In his response to the exceptions, Robert Merrick, inter alia, justifies the entering the judgment under section 964b-1, Ky. Stats., as amended by Acts 1930, c. 17. The court overruled the motion to set aside the judgment and also the exceptions to the sale.

This appeal is to reverse the personal judgment in which the land was directed to be sold and also the order overruling the motion to set aside the judgment and the exceptions to the report of the master commissioner's sale. In this manner the entire record is presented for review.

It is hardly conceivable that one record may contain as many reasons for reversal as this one. "It is elementary that in suing on a writing it may either be

150

set out in haec verba or the party may, at his election, set it out according to its operation in law or its legal effect.'' Newman's Pleadings & Practice (3rd Ed.) p. 408, sec. 310; Quigley v. Artebrun's Adm'r, 32 S. W. 165, 17 Ky. Law Rep. 565; Crawford v. Crawford, 222 Ky. 708, 2 S. W. (2d) 401. The petition fails to allege the note was executed and delivered by the Merricks; or it was indorsed by the payee to Kevil. It charges ''he became the owner of said note in due course, having purchased same * * * for value.'' Robert Merrick was not a party to the original action. The order striking the case from the docket was more than six years of age at the time he sought to set it aside. Section 19, Civil Code of Practice, provides that, ''in the case of an assignment of a thing in action, the action by the assignee is without prejudice to any discount, set-off or defense now allowed.'' Section 20 reads:

> ''If the right of the plaintiff be transferred or assigned during the pendency of the action, it may be continued in his name; or the court may allow the person to whom the transfer or assignment is made be substituted in the action, proper orders being made as to security for the costs.''

At the time Robert Merrick caused the notice to be served on Mary Merrick, Julia Merrick, and S. E. Merrick, no action was pending; it having been dismissed theretofore by an order entered of record. Mudd's Ex'rs v. Mudd, etc., 14 S. W. 355, 12 Ky. Law Rep. 344. An order striking the cause from the docket is regarded as a discontinuance thereof where no reservation of the right to reinstate the case is contained in the order. Ashlock v. Commonwealth, 7 B. Mon. 44; Phillips v. Arnett, 164 Ky. 426, 175 S. W. 660. We know of no authority and we have been cited none authorizing one not a party, after the case has been stricken from the docket for six years, to have set aside the order striking it from the docket, the case redocketed, to have himself substituted as the plaintiff, and a judgment entered in accordance with the prayer of the petition.

The entry of a judgment even between the original parties to the action is erroneous after an order dismissing the case. May v. Williams, 208 Ky. 232, 270 S. W. 804. In the pending case the rights of the parties, or those in privity with them, were not prejudiced by the order striking the case from the docket (O'Neal v.

Turney's Ex'x, 222 Ky. 361, 300 S. W. 913); the order being no bar to the institution of another action (Hilton v. Hilton's Adm'r, 110 Ky. 522, 62 S. W. 6, 22 Ky. Law Rep. 1934; De Weese v. Maxwell (Ky.) 125 S. W. 145).

Without regarding the errors indicated, Robert Merrick, with the order of court having been entered for six years striking the case from the docket and he not being a party to the original action, was not entitled under sections 19 and 20 of the Code to have his name substituted as plaintiff though he was the holder of the note. Also it was error to try the motion, reinstate the case on the docket, and enter a judgment merely on the briefs of the parties. The entering the judgment in vacation, without an order setting the motion for hearing at a future date, or without notice to the parties as required by section 964b-1, as amended, was likewise erroneous.

The Merricks were entitled to a trial on the issues raised by their answer, and entering the judgment ignoring the allegation thereof was also an error. The motion to redocket the case was entered in open court. Section 355 of the Civil Code of Practice reads:

"The entry on the motion docket shall show the date of the entry and the object of the motion."

Section 356 of the Civil Code fixes the time of the call of the motion docket and the hearing of motions. Section 994, Ky. Statutes, is in these words:

"Any motion made and assigned to a future day for hearing may be placed upon such [equity] docket."

We find no order assigning to a future day for hearing the motion of Robert Merrick to redocket, set aside the order striking the case, and enter a final judgment nunc pro tunc, or otherwise.

Our statutes authorize the trial of a motion, or an action, at a regular term of the court, or at a special term called and held as provided by section 971-13, Ky. Statutes, or at the convenience of the judge of the district upon reasonable notice to the parties as authorized by section 964b-1, as amended. The judgment herein was not entered at a regular term of the court, or at a special term called and held under section 971-13, or by agreement of the parties or upon reasonable notice to

the parties as provided for by section 964b-1, as amended. See Estes v. Woodford, 246 Ky. 485, 55 S. W. (2d) 396. Therefore the court erred in so rendering the judgment. The motions to set it aside and to sustain the exceptions to the sale were improperly overruled for the reasons indicated.

The judgment is reversed for proceedings consistent with this opinion.