## Gross' Adm'x v. Couch.

Oct. 13, 1942.

As Modified on Denial of Rehearing Dec. 1, 1942.

Jesse Morgan, Paul Gross and Louis Cox for appellant.

John B. Eversole for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

William Couch contested the nomination of A. M. Gross as the Republican candidate for Sheriff of Perry County at the August, 1941, primary election. Because the regular judge of the Perry Circuit Court was engaged in another county in his district, Honorable H. Clay Kaufman, of Lancaster, was designated as a special judge to try the contest. After a hearing and submission of the case, Judge Kaufman took the case under consideration and went home after entering an order for a transcript of the evidence to be made. He later prepared an opinion and judgment declaring Couch to be entitled to the nomination and awarding him judgment against Gross, including his costs. He signed this and sent it to the clerk of the Perry Circuit Court with a let-

ter directing that the judgment be entered on the order book and the pages containing it be sent to him at Lancaster or to Lexington for the purpose of signing same. The clerk entered the judgment on Saturday, September 27th, together with orders filing the transcript and bill of exceptions. The clerk and a special deputy testified that, pursuant to agreement of the lawyers on both sides, he appointed a special deputy to take the sheets of the order book containing the judgment to Lancaster on Monday, the 29th. The orders contain objections of the defendant Gross, but there is no entry of an objection to the procedure. Gross died that day about 11:30 a. m., while the deputy clerk and one of his attorneys were on their way to Lancaster. Judge Kaufman was advised of the death by telephone before they reached there. By telephone and in person, Gross's counsel objected to Judge Kaufman signing the order. He did so, nevertheless, that afternoon about 4:30 o'clock. The sheets were properly placed in the order book upon the return of the deputy clerk. It had been the purpose of Gross's counsel to bring the record to Frankfort direct from Lancaster and file the appeal. Because of the intervening developments that was not done.

Thereafter the administratrix of Gross's estate filed a motion to vacate and have the judgment declared void upon several grounds. The regular judge of the Perry Circuit Court, after a trial, overruled the motion. The administratrix has prayed an appeal in this court from that judgment. By express statement in brief she waives all claims other than to be relieved from the payment of the court costs in the contest proceeding, which it is alleged amount to more than $300.00.

The original judgment itself is not void for any absence of power in the court to render it. The question relates to the signing of the order book giving it life. Although appearing on the book, no judgment has any force in the absence of an official signing by the judge. Section 390, Civil Code of Practice; 28.050 Ky. Rev. Statutes (Sec. 378, Ky. Stats.); Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860; Gorman v. Lusk, 280 Ky. 692, 134 S. W. (2d) 598. A special judge has all the powers of the regular judge of the court in relation to the case he has been designated to try. KRS 23.240 (Sec. 971-4, Ky. Stats.). Modifying statutes previously enacted, which expressly or impliedly denied that authority, KRS 23.150 (Sec. 964b-1, Ky. Stats.), authorize the judge of a court

other than one of continuous session, upon reasonable notice, to "make or direct in vacation or term time at his chambers or at the circuit clerk's office or at any other place in any county in said district, any order, rule, judgment or decree in any proceeding" except where a jury is called for or ordered. There is no authority for a judge to make an order or sign a judgment elsewhere, although doubtless the parties in the case could agree that he might do so or waive the question. In the instant case it appears that at first there was such an agreement, but counsel for the deceased party by entering an objection to the signing of the order book withdrew from it.

We have a very similar case in Sublett v. Gardner, 144 Ky. 190, 137 S. W. 864, 866. A special judge of the Magoffin Circuit Court rendered a judgment removing a committee of an incompetent person. No provision was made in it for the payment of costs, but later the special judge rendered a personal judgment for the costs against the removed committee. Suit was brought to vacate the later judgment and subsequent proceedings thereon. It was disclosed that the special judge had taken the papers in the case to his home in Breathitt County and there rendered the judgment without opening or holding court in Magoffin County. We expressed the opinion it was not improper for a special judge to consider the case and prepare a judgment in another county than that in which it was pending, but held that such judgment must be entered in the same manner as one rendered by a regular judge, and that a judge cannot render a judgment without holding court for that purpose. It was further disclosed that the special judge had signed the order book (the place of signing not being stated) leaving a space above his signature for the entry of the judgment he would prepare. We said:

"If Bach [the special judge] heard and determined the case without holding court at all, the judgment in question was void. If he signed the order book in blank and the judgment was thereafter entered by the clerk, over his signature, such signing could not give validity to the judgment."

Upon that ground the judgment was held void. That case was decided in 1911, which was some time before the enactment of the statute, now published as KRS 23.150 (Sec. 964b-1, Ky. Stats.), authorizing the making

of an order or judgment anywhere in the judicial district of which the county where the case is pending is a part.

We are of the opinion that the direction to enter the judgment and the signing of the order book in the instant case by Judge Kaufman, in a county not in the district containing Perry, are ineffective. The prepared judgment, therefore, stands as if it had never been entered. The court should have so ruled on the motion of Gross's administratrix.

This conclusion, however, probably gives the appellant only an empty victory, for the special judge may yet properly direct the entry of the judgment nunc pro tunc or ratify the unauthorized entry by the clerk and sign the order book in Perry County or elsewhere in that judicial district, the same becoming valid from the beginning. Shuey v. Hoffman, 235 Ky. 490, 31 S. W. (2d) 727; Cunningham v. Grey, 271 Ky. 84, 111 S. W. (2d) 579; Gorman v. Lusk, supra. In Sublett v. Gardner, supra, we held that the regular judge could not give validity to the judgment of the special judge by signing the order book because he was disqualified from sitting in the case. But in the case at bar the regular judge of the Perry Circuit Court was not so disqualified, a special judge having been named, as we have stated, only because Judge Helm was engaged in holding court elsewhere. So upon proper motion he may proceed nunc pro tunc—the signed opinion and judgment of Judge Kaufman being ample authority. KRS 23.190 (Sec. 977, Ky. Stats.); Ewell v. Jackson, supra; Lee v. Lee, 226 Ky. 776, 11 S. W. (2d) 956. Of course, if this proceeding should be in vacation the terms of KRS 23.150 (Sec. 964b-1, Ky. Stats.) must be observed. Merrick v. Merrick, 254 Ky. 145, 71 S. W. (2d) 4.

The motion to grant an appeal is sustained and the judgment is reversed.