## Parrish et al. v. Ferriell et al.

Feb. 27, 1945.

Victor L. Kelley for appellants.

Ernest N. Fulton for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming in part, reversing in part.

On September 29, 1942, Henry Ferriell, as plaintiff, filed an action in equity, 5826, against Victoria Janes, an adult, and William Isaac Parrish, Yancey Elliott Parrish, Violet Oleta Parrish, and Julian Wood Parrish, infants, and Wilson and Muir, Inc., their guardian, as defendants, seeking to enjoin the defendants from interfering with his use of a passway over their land. Mrs. Janes employed counsel and defended; the guardian did not answer or defend, no guardian ad litem was appointed, nor were the infants in anywise represented. On April 16, 1943, after much pleading and proof on behalf of the plaintiff and of Mrs. Janes, a judgment was entered, out of term, awarding to the plaintiff the relief which he had prayed for in his petition. That judgment reads:

"This cause having been submitted to the Court on the pleadings, exhibits, and testimony heard orally before the Court and the Court being advised, it is adjudged that the plaintiff, Henry Ferrill, is entitled to the relief prayed for.

"It is therefore adjudged that the defendants, Victoria Janes and the infant defendants be, and they are hereby enjoined and restrained from interfering in any way with the use of the passway or the traveling of same set up and described in the petition. The said passway leads from the Bardstown & Springfield Turnpike in a Northerly direction over the lands of Victoria Janes and the infant defendants, said lands being a 55 acre tract and goes from said turnpike in said Northerly direction over said 55 acres of the said Victoria Janes, and over the land of Clarence Hurst to the lands of the plaintiff, Henry Ferrill.

"It is further ordered that the said Victoria Janes open up said passway and remove any locks or other obstacles placed by her which interferes with the use or traveling of said passway; except that she may keep

and maintain such gates as are now on said passway or such as may be reasonably necessary.

"It is further adjudged that the plaintiff has the right to travel and use said passway without interference on the part of the defendant, Victoria Janes.

"To all of which the defendant, Victoria Janes, excepts and prays an appeal to the Court of Appeals which is granted."

Apprehending that there might be some question as to the regularity or validity of that judgment because the order book had been signed by the judge in blank, as well as on account of the fact that some question was being made with respect to the sufficiency of the notice of an intention to enter such a judgment, the plaintiff, on April 22, 1943, which was still out of term, caused to be served on Mrs. Janes the following notice, accompanied by an exact copy of the above judgment:

"The defendant, Victoria Janes, is notified that the plaintiff will, on Saturday, April 24, 1943, about the hour of 3:00 o'clock P. M., at Hodgenville, Kentucky in the Circuit Court room at the Courthouse at the said Hodgenville, Kentucky, move the judge of the Circuit Court, Hon. L. B. Handley, of the 10th Judicial District of Kentucky, to enter a judgment in the above styled case, and to sign same in the Order Book of the Nelson Circuit Court. A copy of said judgment to be entered is attached hereto." Endorsed upon the original of the notice, and made a part of the record, is the following return by the sheriff:

"Executed on Victoria Janes by delivering a true copy of same and a judgment attached to Victor L. Kelley her attorney.

"This April 22, 1943.
"Lovelace Bodine, S. N. C.
"By John Wright, D. S. N. C."

Pursuant to the notice the order book of the court was carried to Hodgenville, and there, on the date and at the time indicated in the notice, a judgment, identical with the copy served on Mrs. Janes, was duly signed by the regular judge. Shortly thereafter, without notice, the attorney for the plaintiff added to the judgment, immediately over the judge's signature, these words:

"The above judgment was entered in lieu of the

judgment on page 246 after due notice to defendant, Victoria Janes, and the Clerk of this Court is ordered and directed to file said notice in above styled case as a part of this record.''

On September 24, 1943, Mrs. Janes and the infants instituted the present proceedings (equity No. 5863), the nature and purpose of which are indicated by the prayer of their petition, which is:

''Wherefore, the plaintiffs pray that the two judgments entered against them in action No. 5826 on the equity docket of the Nelson Circuit Court in favor of the defendant herein, Henry Ferrill, the first Judgment as of April 16, 1943, and appearing on page 246 of Civil Order Book No. 72 of the records of said court, and the second judgment as of April 24, 1943, and appearing on page 247 of said civil order book, be adjudged null and void and that they be set aside and held for naught and that these plaintiffs be granted a new trial in said action with all rights for complete appeal; and they pray judgment for their costs herein and for all general equitable and proper relief.''

By reference in the petition and by stipulation of the parties, the entire record in action No. 5826 was made a part of the record in the present proceeding, action No. 5863. At the conclusion of the pleadings and the proof, a judgment was entered denying to the plaintiffs any relief and dismissing their petition.

The appellants urge and argue (1) that the first judgment in action 5826 was void because it was entered after the order book had been signed in blank; (2) that the first judgment having been entered in vacation and without providing for further or future orders, the court lost control of it and was powerless to vacate or modify it or to enter the second judgment; (3) that the second judgment is void because (a) the notice which was given did not comply with KRS 23.150, (b) the interlineation complained of constituted a fraud upon appellants' rights, (c) the action of the judge in signing the judgment, or the order book containing it, in LaRue county was tantamount to holding a special term of court out of the county in which the action was pending; (4) that in any event it was error as to the infant defendants to enter either the first or the second judgment when no answer or report had been filed by the guardian or by the guardian ad litem.

(1, 2, 3) In support of their position that the first judgment is void because the order book was signed by the judge in blank, the appellants rely upon Sublett v. Gardner et al., 144 Ky. 190, 137 S. W. 864. It is questionable whether the opinion in that case is susceptible of the rigid construction which counsel place upon it. There the court was dealing with a judgment which had been rendered by a special judge who had held no court for that purpose and which had been entered in an order book that had been signed in blank. The court's expression under those circumstances—''If Bach heard and determined the case without holding court at all, the judgment in question was void. If he signed the order book in blank and the judgment was thereafter entered by the clerk, over his signature, such signing could not give validity to the judgment''—is open to an interpretation that the court meant no more by the last sentence quoted than to say that the mere entry thereof over the judge's signature will not give validity to an otherwise void judgment. But be that as it may, it is obvious that if it was void, then it was as though it had never been entered at all, and its mere presence upon the order book could in nowise limit or affect the power of the court to treat it as a nullity. Assuming, therefore, for the purpose of the case, that the first judgment was void, a consideration of the question of the regularity and validity of the second judgment logically follows.

KRS 23.150 reads:

''The judge of each circuit court, other than those of continuous session, may make or direct in vacation or term time at his chambers, at the circuit clerk's office or at any other place in any county in the district, any order, rule, judgment or decree in any proceeding, whether at law or in equity or on the criminal docket, upon reasonable notice to the parties, except where trial by jury is called for or ordered by the court.'' Clearly if the first judgment is treated as being void, the court had authority under this section to enter the second judgment, provided proper notice had been given to the parties as required by the last sentence of the section, and we hold that the notice supra which was served on appellants' counsel of record was reasonable and fully satisfied the statute's requirements.

The contention that the act of appellees' counsel in

interlining the second judgment constitutes fraud and renders the judgment invalid does not find support either in the cited authorities or in reason. The interpolation was immaterial and futile; it in nowise changed the nature, force or effect of the judgment, and in no way harmed the appellants. A valid judgment is not rendered void or affected in its validity and force merely by an unauthorized, immaterial and nonprejudicial interlineation.

The contention that the court was not authorized to sign the judgment in the county of LaRue, which was within his judicial district, was void, is completely refuted by the statute quoted, and we deem elaboration upon the point to be unnecessary.

We cannot agree with the appellee that the infant defendants have no interest in the land in question and that they are not affected by the judgment. The record clearly shows that they do have an interest in the land; that they are proper and necessary parties to the action, and that they are affected and prejudiced by the judgment. This being so, and their guardian having made no defense and no guardian ad litem having been appointed, each judgment in action 5826 was erroneous as to them under the provisions of section 517 and of subsection 3 of section 36 of the Civil Code of Practice. This clerical misprision becomes immaterial, however, since the two judgments must be declared void as to the infants because they were entered out of term and without notice to the infants or to their proper representatives.

For the reasons indicated the judgment appealed from is affirmed as to the adult appellant, Mrs. Janes, and reversed as to the infant appellants, with instructions to the lower court to proceed in conformity with the opinions herein expressed and with the rulings herein made.