**INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL 526, AFL–CIO and Richard Wilson et al., Appellants,**

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT, Appellee.**

Supreme Court of Kentucky.

July 1, 1977.

Rehearing Denied Oct. 7, 1977.

John Frith Stewart, Linda J. Wallbaum, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellants.

James T. Hodge, Commissioner of Law, Charles D. Weaver, Jr., Director, Division of Litigation, Lexington-Fayette Urban County Government, Lexington, for appellee.

STEPHENSON, Justice.

Without the intervention of a jury, the trial court found the appellant union local in contempt of court for the violation of a temporary restraining order. The trial court imposed a fine of $10,000. We affirm.

International Association of Firefighters, Local 526, AFL–CIO, is a chartered affiliate of the International Association of Professional Firefighters. The local union consists of 340 members of the fire department of the Lexington-Fayette Urban County Government.

A staff member of the international union on the day of his arrival in Lexington advised the mayor that the membership of the fire department would be on strike the next day. Lexington then instituted an action in Fayette Circuit Court against local 526 and certain individuals and obtained a restraining order prohibiting any work stoppage or strike by the named defendants, all other members of the fire department, and all other persons acting in concert with them.

Later, there was an organized strike of more than 300 members of the fire department for a period of 10 days.

In a contempt proceeding for violation of the restraining order, a motion for jury trial was denied, and after an evidentiary hearing, the trial court held the local union and many of the members in contempt. The individuals were fined and given jail sentences which were suspended. They do not appeal. The local union was fined $10,000.

The local union argues that the trial court erred in adjudging the local union guilty of civil contempt, that the punishment imposed is indicative of criminal contempt, consequently, the local union was constitutionally entitled to a trial by jury when the fine imposed was in excess of $500, citing among other authorities *Miller v. Vettiner*, Ky., 481 S.W.2d 32 (1972). We are of the opinion *Miller* is dispositive of this case. We are not disposed to analyze here the local union's argument with regard to the difference between civil and criminal contempt. Our opinion in *Miller* covers that subject in great detail.

As to the right to jury trial, we believe the local union did not fully understand the holding in *Miller,* at page 35:

"To recapitulate, what we are holding is that when the existence or non-existence of a contempt, civil or criminal, requires the resolution of a factual issue the trial court may itself resolve that issue upon the basis of a hearing in which the alleged offender is afforded a fair opportunity to present a defense, but may not in such a case inflict a fine greater than $500 and incarceration for more than six months except upon the unanimous verdict of a jury finding the offender guilty beyond a reasonable doubt. *We do not deal with cases in which the contempt is committed in the immediate presence of the court or in which the factual basis for the finding of contempt is otherwise conclusively established,* except to point out that in such cases it is imperative, incident to the right of appeal, that the facts be shown by a proper record." (Emphasis ours.)

■ In this appeal, the local union concedes that the union members participated in the strike in violation of the restraining order. Thus there was no factual issue for the trial court to resolve in reaching the determination that the local union was in contempt. The limitations imposed in *Miller* dealt with situations where the trial court resolved a factual issue as to guilt of the contempt and specifically did not deal with a case such as this where "the factual basis for the finding of contempt is otherwise conclusively established." It is implicit in *Miller* and we hold that where a jury is required to resolve the factual issue of contempt, the jury only finds guilt or innocence. Upon a finding of guilt, the penalty is imposed by the court.

■ The rationale of the point at which a jury trial in contempt proceedings is constitutionally mandated is characterized by the distinction in the penalty imposed of "petty" or "serious" punishment. Before serious punishment may be inflicted, the contemnor must first be found guilty beyond a reasonable doubt by a jury.

*Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, (1968), discusses the distinction with respect to the penalty of imprisonment, a penalty of six months being deemed petty, and a penalty in excess of six months deemed serious requiring the intervention of a jury.

*Muniz v. Hoffman,* 422 U.S. 454, 95 S.Ct. 2178, 45 L.Ed.2d 319 (1975), involved a situation similar to the one presented here. A labor union was denied a jury trial in a contempt proceeding, and after a finding of violation of an injunction, a fine of $10,000 was imposed. There the court is affirming the imposition of the fine. The court said:

" . . . [W]e cannot accept the proposition that a contempt must be considered a serious crime under all circumstances where the punishment is a fine of more than $500, unaccompanied by imprisonment. It is one thing to hold that deprivation of an individual's liberty beyond a six-month term should not be imposed without the protections of a jury trial, but it is quite another to suggest that,

regardless of the circumstances, a jury is required where any fine greater than $500 is contemplated. From the standpoint of determining the seriousness of the risk and the extent of the possible deprivation faced by a contemnor, imprisonment and fines are intrinsically different. It is not difficult to grasp the proposition that six months in jail is a serious matter for any individual, but it is not tenable to argue that the possibility of a $501 fine would be considered a serious risk to a large corporation or labor union."

■ With this rationale we agree and hold that in a disputed factual situation imprisonment beyond six months shall be considered serious punishment requiring submission of the issue to the jury to determine guilt or innocence. Prospectively, we hold that in a disputed factual situation the limitation of a $500 fine without imprisonment, as set out in *Miller,* is no longer applicable. The determining factor will be whether the fine is "petty" or "serious" and that will be determined within the context of the risk and possible deprivation faced by a particular contemnor.

■ We are of the opinion that the imposition of the fine of $10,000 is "petty" with respect to the contemnor, a local union with membership in excess of 300 members for a strike of 10 days in violation of a restraining order.

That portion of *Local No. 1667, United Auto Workers v. Kawneer Co., Inc.,* Ky., 490 S.W.2d 747 (1973), in conflict with this opinion is overruled.

We do not regard *Otis v. Meade,* Ky., 483 S.W.2d 161 (1972), as applicable to this state of facts.

The judgment is affirmed.

All concur.