Jesse ABNEY, Larry Bowling, Paul Bruton, J. Mark Christopher, Lonnie Cole, Boyd Elliott, Donald Fox, Wilgus Fox, Robert Frazier, Bobby Henry, Russell Hisle, Vernon Johns, Harry Johnson, Danny R. Jones, William Kennon, Ollie Kenney, Larry Potter, Gary Potts, Shelly Rapier, J. D. Reffett, Michael Schneble, Albert Slusher, Eddie Snowden, Jackie Stamper, Joe Stewart, Shirley Templin, Michael Watkins, Wallace Whitted, Robert Wolfe, Floyd Wright, Tommy Wright, and Gary W. McCord, Appellants,

v.

CITY OF WINCHESTER, Kentucky, by and through its Mayor, Charles G. Stephenson, Appellee.

Court of Appeals of Kentucky.

Sept. 2, 1977.

Discretionary Review Denied Jan. 4, 1978.

Blake H. Page, Winchester, for appellants.

Edsel T. Jones, Winchester, for appellee.

Before HOGGE, PARK and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

Appellants, thirty-two full-time firefighters for the City of Winchester, Kentucky, are appealing their discharge as city firefighters following a hearing pursuant to KRS 95.450 on charges of misconduct for failure to report for duty at the 7:00 A.M. shift on October 12, 1976. The failure to report for work arose out of unsuccessful labor management negotiations. By agreement, the transcripts of the disciplinary hearing before the city legislative body were certified to the circuit court for its use as a record for this appeal. The trial court ruled that the city properly discharged the thirty-two employees for misconduct.

The issue is whether a third class city, after a proper hearing, can discharge firefighters for misconduct who have failed to report for work after having made unsuccessful demands for collective bargaining during labor negotiations.

This Court affirms the decision of the trial court.

It is well settled that a public employee has no inherent right to strike. *Jefferson County Teachers' Association v. Board of Education*, Ky., 463 S.W.2d 627 (1971). As the trial court correctly indicates, the word strike clearly includes a work stoppage and a job action which deprives the public of the services of the employees in question. There is no precedent for authorizing or permitting public employees involved in essential emergency services to strike. Recently, the Supreme Court of Kentucky upheld a $10,000.00 fine for contempt of court when firefighters violated a temporary restraining order arising from a labor dispute and related work stoppage. *International Association of Firefighters v. Lexington-Fayette Urban Government*, Ky., 555 S.W.2d 258, 24 Ky.L. Summ. 9 (July 1, 1977).

Certainly wages, hours and working conditions are the legitimate concern of all working people, including public employees. However, the ultimate weapon available to most laboring persons is not available to this class of public employees. Surely it is a tragedy that differences do arise between various elements of public service personnel. It might be far better if such differences could be resolved through a system of binding arbitration, but the laws of this Commonwealth do not require the determination of labor differences in this manner in cities of the third class. When an employee fails to report for duty or indicates he does not intend to report for duty, he is facing the probability of disciplinary proceedings and the possible penalty of discharge.

The questions raised relative to Chapter 345 and its validity, if the collective bargaining statutes are not applied to cities of the third class, do not apply in this situation. There is no meritorious evidence in this record of an improper classification or of special legislation that would affect this situation. The record does not indicate any charge made against the firefighters for

peaceful picketing or other presentation of their grievances against the city. The constitutional question of free speech is also not a proper part of this appeal since the issue is simply the legality of the city's right to discharge employees who fail to report for duty.

In this situation the record clearly shows that thirty-two regularly employed firefighters of the City of Winchester failed or refused to report for duty at 7:00 A.M. on October 12, 1976. Subsequent thereto, the city, pursuant to KRS 95.450, conducted a hearing and thereafter discharged the absent firefighters from employment for misconduct. The record does not disclose any abuse of discretion by the trial court in its review of the action of the city legislative body. The city commission was within its legal rights to dismiss its employees for absence from duty. Appellant Donald Fox, although on vacation from the time the work stoppage began until his discharge, was president of the union and the principal spokesman and leader of the striking firefighters. The record indicates he personally expressed his intention not to return to work, and at no time indicated any intention of returning to duty. Since failure to report to duty may be grounds for discharge, then the city may properly discharge the man who leads and encourages such illegal activities. Appellant Paul Bruton, on vacation when the strike began, was scheduled to report to work prior to the hearing held by the city commission, but failed to do so. He also failed to deny any charge of participating in the work stoppage.

The judgment of the trial court is affirmed.

All concur.