**Richard VAUGHN, Jailer of Boyd County, Kentucky, Appellant,**

**v.**

**Kelley ASBURY, Judge, Boyd Circuit Court, Commonwealth of Kentucky, and Sheena Greene Barnette, Appellees.**

Court of Appeals of Kentucky.

Feb. 27, 1987.

Jeffrey L. Preston, Catlettsburg, for appellant.

Kelley Asbury, Catlettsburg, pro se.

Mark Greene, Com. Atty., Catlettsburg, David Armstrong, Atty. Gen., Frankfort, for appellee/Asbury.

Ned Pillersdorf, Prestonsburg, for appellee/Barnette.

Before McDONALD, MILLER and REYNOLDS, JJ.

MILLER, Judge.

Richard Vaughn, Jailer of Boyd County, Kentucky, brings this appeal from an order

of the Boyd Circuit Court, holding him in contempt of court and imposing a fine of $1,000.00.

The facts are these: On May 28, 1986, the trial of Sheena Greene Barnette began in the Boyd Circuit Court. Appellee, Judge Kelley Asbury, presided. At the time of the trial, Barnette was incarcerated in the Boyd County Jail.

Prior to jury selection, the court's bailiff asked a jail employee to bring Barnette to the courtroom. This was done. The bailiff also requested that this employee stay with Barnette during the trial. Citing other duties, the jail employee informed the bailiff that she would be unable to stay. Although present at the beginning of the trial, the record shows that she left the courtroom sometime before the trial court recessed for lunch.

Judge Asbury became aware of the jail employee's absence when he was about to recess for lunch. He instructed his secretary to call the jail and have someone come to the courtroom to take custody of Barnette during the noon recess. The secretary's phone call was answered by Vaughn's wife who was employed as a cook for the jail. She refused to take custody because the only employees present at the time were one deputy and herself, neither of whom could leave the jail. Hearing this, Judge Asbury went to the jail in person. He was informed by Vaughn's wife that she was in the midst of preparing lunch for 30 inmates and that only one deputy jailer was present. The judge verbally ordered someone to take custody of Barnette, but, once again, this was refused.

Judge Asbury then asked to speak to Vaughn, but was informed that no one knew how to reach him. Thereupon, the judge issued a show cause order to Vaughn, ordering him to appear before the circuit court at 2:00 p.m. that day. During the interim, Vaughn called the jail and was informed of the developing circumstances. He returned to the courthouse and was served with the show cause order. At 2:00 p.m., Vaughn appeared before Judge Asbury and requested a continuance for the purpose of securing counsel. The request was granted and a show cause hearing was

scheduled for May 30, 1986. On that day, a hearing was held which culminated in the order of contempt and $1,000.00 fine, thereby precipitating this appeal.

To void the contempt citation, Vaughn argues: (1) Judge Asbury could not issue a valid order while off the bench and, in any event, Vaughn was not apprised of the order; (2) no valid order could have been issued regarding Barnette's custody because the responsibility for her custody lies with the sheriff and not with the jailer; and, (3) the $1,000.00 was excessive and precluded by law. We discuss the issues seriatim.

 We know of nothing preventing a judge from issuing orders relating to pending actions so long as they are issued within the district. It is not necessary that they be issued from the bench or chambers. *Cf. Gross' Adm'x v. Couch*, 292 Ky. 304, 166 S.W.2d 879 (1942). In the case *sub judice*, Vaughn claims he had no personal knowledge of the order. The record reflects, however, that he was notified of problems before service of the show cause order. Nothing indicates that any action was taken by him to remedy the situation. Additionally, Judge Asbury attempted to contact Vaughn before issuing the order, but was unable to secure a phone number where he could be reached. (The record suggests that the attempt to contact Vaughn may have been frustrated by the latter's wife.)

Vaughn relies upon *Boyle County Fiscal Court v. Shewmaker*, Ky.App., 666 S.W.2d 759 (1984), but that case is distinguishable. There, no show cause hearing was held and we observed that had the proper procedures been followed, the contempt order would have been valid. In the situation at bar, the trial court followed the proper procedure, unquestionably Vaughn was apprised of the court order, and he was granted full opportunity to be heard. For this reason, we hold that Vaughn's first assertion of error must fail.

 We now turn to Vaughn's contention that Judge Asbury's order was invalid because it was the sheriff's duty (rather than the jailer's) to take custody of the prisoner. We decline to address the ques-

tion of primary duty regarding custody of prisoners during court appearances. Deciding questions not in issue is an inappropriate function of appellate review. *See Matthews v. Ward,* Ky., 350 S.W.2d 500 (1961). It is beyond question that both the sheriff and the jailer are subject to orders of the court. The jailer is an officer of the court (KRS 71.050) and, as such, subject to punishment for contempt upon disobedience. KRS 432.230. The only question before us is whether it was Vaughn's duty to comply with Judge Asbury's order. It was and the record demonstrates that he failed to comply.[1] The record amply supports the issuance of the contempt order.

The more serious issue, and the one requiring reversal, is Vaughn's contention that the $1,000.00 fine was excessive and precluded by law. In *Miller v. Vettiner,* Ky., 481 S.W.2d 32, 35 (1972), it was stated that:

> [W]hen the existence or nonexistence of a contempt, civil or criminal, requires the resolution of a factual issue the trial court may itself resolve that issue upon the basis of a hearing in which the alleged offender is afforded a fair opportunity to present a defense, but it may not in such a case inflict a fine greater than $500 and incarceration for more than six months except upon the unanimous verdict of a jury finding the offender guilty beyond a reasonable doubt.

Judge Asbury directs our attention to *International Association of Firefighters v. Lexington,* Ky., 555 S.W.2d 258 (1977), in support of the disputed fine. We recognize the impact of this decision upon *Miller v. Vettiner.* The criterion for imposing punishment without intervention of jury no longer rests upon monetary consideration but, rather, "[t]he determining factor will be whether the fine is 'petty' or

'serious' and that will be determined within the context of the risk and possible deprivation faced by a particular contemnor." *International Association of Firefighters v. Lexington, supra,* at 260. In the case at hand, Vaughn is a mere civil servant without the massive resources attendant an international labor union. Under all circumstances, we conclude the imposition of a $1,000.00 was "serious," and therefore erroneously imposed absent a jury determination.

For the foregoing reasons, the judgment of the Boyd Circuit Court is reversed and this cause is remanded for proceedings consistent with this opinion.

All concur.

---

1. Since the 1984 revision of KRS Chapter 441 pertaining to the correlative duties of a jailer and sheriff as to prisoners, common sense dictates that Vaughn's conduct be viewed with leniency. The primary responsibility of transporting prisoners lies with the sheriff and is reasonably succinct. KRS 441.505 et seq. There is reason, however, for dispute as to the custodian of a prisoner during court appearance. Historically, that responsibility was fulfilled by the jailer under the general duty relating to custody of prisoners. KRS 71.020. An examination of divers statutes (which we do not attempt to set forth) may well lead to the conclusion that, under the circumstances at hand, it was the primary duty of the Sheriff of Boyd County not only to transport Barnette but to retain custody throughout the court proceedings. Nevertheless, the determination of this issue would not have relieved Vaughn of his duty to comply with Judge Asbury's order. As an officer of the court, he was bound to comply.